# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| POLISHED.COM INC., *et al.*,[1] ) | Case No. 24-10353 (TMH) |
| ) | |
| Debtors. ) | (Joint Administration Requested) |

**Hearing Date: May 7, 2024, at 10:00 a.m. (ET)**
**Objection Deadline: April 18, 2024, at 4:00 p.m. (ET)**

## NOTICE OF HEARING REGARDING APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF MARCH 12, 2024

**PLEASE TAKE NOTICE** that April 4, 2024, George L. Miller, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), filed the attached *Application of Chapter 7 Trustee for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel To Chapter 7 Trustee, Effective as of March 12, 2024* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the entry of an order with respect to the relief sought in the Application must be made on or before **April 18, 2024 at 4:00 p.m. (Eastern time)**.

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon: (a) counsel for the Trustee, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler and Colin R. Robinson) bsandler@pszjlaw.com, crobinson@pszjlaw.com; (b) the U.S. Trustee, Office of the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

4876-2488-3380.1 57099.00001

United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, USTPRegion03.wl.ecf@usdoj.gov; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING TO CONSIDER THE RELIEF SOUGHT IN THE MOTION WILL BE HELD ON **MAY 7, 2024 AT 10:00 A.M. (EASTERN TIME)** BEFORE THE HONORABLE THOMAS M. HORAN, UNITED STATES BANKRUPTCY COURT JUDGE, AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5th FLOOR, COURTROOM NO. 4, WILMINGTON, DELAWARE 19801.

Dated:  April 4, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com
           crobinson@pszjlaw.com
           pkeane@pszjlaw.com
           ecorma@pszjlaw.com

*Proposed Counsel to George L. Miller, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| POLISHED.COM INC., *et al.*,[1] | ) | Case No. 24-10353 (TMH) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

Hearing Date: May 7, 2024, at 10:00 a.m. (ET)
Objection Deadline: April 18, 2024, at 4:00 p.m. (ET)

**APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF MARCH 12, 2024**

George L. Miller, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors") in the above-captioned cases, files this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Trustee to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Trustee, effective as of March 12, 2024.  In support of the Application, the Trustee submits the declaration of Bradford J. Sandler (the "Sandler Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference.  In support of this Application, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are:  Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4. On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. The Trustee was appointed in these cases on March 12, 2024 and is so qualified and acting.

6. The Trustee has filed a motion requesting joint administration of these cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, which motion is currently pending before the Court.

**Relief Requested**

7. The Trustee respectfully requests that the Court enter the Order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, authorizing the Trustee to employ and retain PSZ&J as the Trustee's counsel effective as of March 12, 2024.

**Basis for Relief**

8. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ an attorney to represent or assist the trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

9. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

**Disinterestedness**

10. PSZ&J has advised the Trustee that neither PSZ&J nor any partner, counsel, or associate of PSZ&J: (i) holds an adverse interest in connection with these cases; or (ii) represents any other entity having an adverse interest in connection with these cases, except as disclosed in the Sandler Declaration.

11. The Trustee has selected PSZ&J because of its experience and knowledge and believes that PSZ&J has no disqualifying conflicts of interest. PSZ&J has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent,

in matters unrelated to the Debtors and these cases, entities that are claimants of the Debtors or other parties in interest in these cases.

12. To the best of the Trustee's knowledge, and except as disclosed in the Sandler Declaration, PSZ&J has had no other prior connection with the Debtors, their creditors, or any other party in interest. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtors' estates.

13. PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to the Debtors and these cases. PSZ&J has not—except as disclosed in the Sandler Declaration—and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or these cases. The Trustee believes that PSZ&J is qualified to represent the Trustee in these cases.

**Services to Be Provided**

14. The services PSZ&J may be required to render for the Trustee include, without limitation, the following:

    a.    Assisting, advising, and representing the Trustee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations, and any other matters relevant to these cases;

    b.    Preparing on behalf of the Trustee necessary applications, motions, complaints, answers, orders, agreements, and other legal papers;

    c.    Reviewing, analyzing, and responding to pleadings filed in these cases and any other legal proceeding pending before this Court or any other Court, and appearing in court to present necessary motions, applications, and pleadings and otherwise to protect the interests of the Trustee and the estates;

    d.    Assisting, advising, and representing the Trustee in the evaluation of claims and on any litigation matters, including avoidance actions; and

  e.  Providing legal advice to the Trustee regarding the administration of these cases and performing all other legal services for the Trustee that may be necessary and proper in these cases.

15. The Trustee intends to work closely with PSZ&J and any other retained professionals that may become involved in these cases in the future to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates in these cases.

## Compensation

16. The Trustee requests that PSZ&J be compensated on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.

17. PSZ&J has advised the Trustee that this type of compensation and payment arrangement is customary and reasonable for the work to be performed. The Trustee agrees and submits that PSZ&J's requested compensation and payment arrangement is customary and reasonable. PSZ&J will file interim and final fee applications in these cases.

## Notice

18. The Trustee will provide notice of this Application to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

## No Prior Request

19. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: April 3, 2024

George L. Miller
Chapter 7 Trustee for the Estates of
Polished.com Inc., *et al.*

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 7 |
| ) |  |
| POLISHED.COM INC., *et al.*,[1] ) | Case No. 24-10353 (TMH) |
| ) |  |
| Debtors. ) | (Joint Administration Requested) |
| ) |  |
| ) | **Re: Docket No. ___** |

### ORDER GRANTING APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF MARCH 12, 2024

Upon consideration of the application (the "Application")[2] of George L. Miller, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors") in the above-captioned cases, seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Trustee, effective as of March 12, 2024; and upon consideration of the Sandler Declaration, which was submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application and the Sandler Declaration that PSZ&J does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, that PSZ&J is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

4885-1639-4929.2 57099.00001

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Trustee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to employ and retain PSZ&J as counsel pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of March 12, 2024.

3. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and any other applicable procedures and orders of this Court.

4. PSZ&J is authorized to render professional services to the Trustee as described in the Application and the Sandler Declaration.

5. The Trustee and PSZ&J are authorized to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Exhibit B

**Sandler Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| POLISHED.COM INC., *et al.*,[1] | Case No. 24-10353 (TMH) |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF BRADFORD J. SANDLER
IN SUPPORT OF APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION
TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS
COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF MARCH 12, 2024**

I, Bradford J. Sandler, Esquire, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801. I am duly admitted and in good standing to practice law in the State of Delaware and the United States District Court for the District of Delaware, among other jurisdictions.[2]

2. I am authorized to submit this declaration (the "Declaration") in support of the *Application of Chapter 7 Trustee for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee, Effective as of March 12, 2024* (the "Application"), submitted concurrently herewith.[3]

3. Neither I, the Firm, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, the Debtors' creditors, or

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

[2] I am in good standing to practice law in all jurisdictions to which I am, and have been, admitted to practice.

[3] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

4. Bankruptcy Rule 2014 requires that an application for employment under section 327 of the Bankruptcy Code disclose all connections with the Debtors, the estates, the professionals, and the Office of the U.S. Trustee. Accordingly, the Firm discloses its known connections herein.

5. The Firm has undertaken an investigation of its disinterestedness in connection with this Declaration. The Firm conducts a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of the computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the names of the parties listed on the Debtors' creditor matrix into the Firm's electronic database.

6. To date, it appears that PSZ&J does not hold or represent any interest adverse to, and has no connection with, subject to the disclosures set forth below, the Debtors herein, their creditors, the U.S. Trustee, or any party in interest herein in the matters upon which PSZ&J is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code. The Firm will file a supplemental declaration disclosing any newly-discovered connections, as needed.

7. The Trustee has selected PSZ&J because of its experience and knowledge and believes that PSZ&J has no disqualifying conflicts of interest. PSZ&J has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors and these cases, entities that are claimants of the Debtors or other parties in interest in these cases.

8. PSZ&J is not aware of any other prior connection with the Debtors, their creditors, or any other party in interest. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtors' estates.

9. PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to the Debtors and these cases. PSZ&J has not and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or these cases, except as may be disclosed in any supplemental disclosure.

10. PSZ&J is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel, and associates:

    a. are not creditors, equity security holders, or insiders of the Debtors;

    b. are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

    c. do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

11. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred

by PSZ&J.  PSZ&J has one hourly rate schedule for all work undertaken by the Firm, which is adjusted from time to time, usually effective as of January 1 of each calendar year.  The current hourly rates charged by PSZ&J for professionals and paralegals employed in its offices are:

| | |
|---|---|
| Partners | $995.00 to $2,175.00 |
| Of Counsel | $975.00 to $1,675.00 |
| Associates | $650.00 to $975.00 |
| Paraprofessionals | $545.00 to $595.00 |

12. The professionals and paralegals presently designated to represent the Trustee and their current standard hourly rates are:

| | |
|---|---|
| Bradford J. Sandler | $1,725.00 |
| Colin R. Robinson | $1,195.00 |
| Peter J. Keane | $1,150.00 |
| Edward A. Corma | $795.00 |
| Andrea T. Bates | $595.00 |

13. Other attorneys and paralegals may from time to time provide services in connection with the matters described herein.

14. An hourly fee rate is reasonable and customary for work of this nature.  The hourly rate is set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

15. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing

supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as case-required secretarial/staff overtime.  The Firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

*[Remainder of Page Intentionally Left Blank]*

16. No promises have been received by the Firm or by any partner, of counsel, or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these cases, except among the partners, of counsel, and associates of the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024                                                                 */s/ Bradford J. Sandler*
                                                                                                    Bradford J. Sandler