IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLISHED.COM, *et al.*[1], <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-10353 (TMH) <br><br> (Joint administration pending) |
| HINNA ZEESHAN and SOPHIA SAADA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> POLISHED.COM INC., APPLIANCES CONNECTION, INC., 1 STOP ELECTRONICS CENTER, INC., GOLD COAST APPLIANCES, INC., SUPERIOR DEALS INC., AC GALLERY INC., JOE'S APPLIANCES LLC, YF LOGISTICS LLC, 1847 PARTNERS LLC AND ELLERY W. ROBERTS, <br><br> Defendants. | Adv. Proc. No. |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATIONS OF (1) WARN ACT 29 U.S.C. § 2101,** *et seq.***, (2) NEW YORK WARN ACT, NYLL § 860** *et seq.* **and (3) NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS <u>NOTIFICATION ACT</u>**

Plaintiffs Hinna Zeeshan and Sophia Saada ("Plaintiffs") allege on behalf of themselves

---

[1] The Debtor and its affiliates, along with the last four digits of their respective federal taxpayer identification number are: Polished.com Inc. (3938); Appliances Connection, Inc. (8366), 1 Stop Electronics Center, Inc. (9485), Gold Coast Appliances, Inc. (1575), Superior Deals Inc. (0096), AC Gallery Inc. (3629), Joe's Appliances LLC (8354), and YF Logistics LLC (8373). The mailing address for each of the Debtors is 1870 Bath Avenue, Brooklyn, NY 11214.

and a putative class of similarly situated former employees by way of this Class Action Adversary Proceeding Complaint against Polished.com Inc., Appliances Connection, Inc., 1 Stop Electronics Center, Inc., Gold Coast Appliances, Inc., Superior Deals Inc., AC Gallery Inc., Joe's Appliances LLC, YF Logistics LLC, 1847 Partners LLC and Ellery W. Roberts (referred to collectively as "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiffs were terminated along with an estimated 270 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Defendants at its Facilities on or about February 29, 2024, and within 90 days of that date.

2. Defendants failed to give Plaintiffs and other similarly situated employees of Defendants at least 60 days' advance notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*., (the "WARN Act"), and 90 days' notice as required by the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J. Stat. § 34:21-2 ("New Jersey WARN Act") and the New York State Worker Adjustment and Retraining Notification Act ("NY WARN Act"), New York Labor Law ("NYLL") § 860 *et seq*. (collectively, the "WARN Acts").

3. Plaintiffs seek to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for themselves and those similarly situated, pursuant to 29 U.S.C. § 2104, for the Defendants' failure to provide WARN notice prior to their terminations.

4. Plaintiffs also bring a claim under the New Jersey WARN Act for damages to the New Jersey-based employees of Defendants, for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendants or the final regular rate of compensation, whichever is higher) for each full year that

2

he or she worked. In addition, the New Jersey-based employees are entitled to an additional four weeks of severance pay, pursuant to N.J. Stat. Ann. § 34:21-2(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b), 1334 and the Amended Standing Order of Reference of the United States District Court for the District of Delaware Dated February 29, 2012.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

7. Pursuant to Fed. R. Bankr. P. 7012(b) and Del. Bankr. L.R. 7012-1, Plaintiffs consent to entry of final orders or judgment by the bankruptcy court.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiffs*

9. Plaintiff Hinna Zeeshan was employed by Defendants as a Procurement officer/ Inventory planner manager from February 2008 until February 29, 2024.

10. Plaintiff Zeeshan is a resident of the state of New York.

11. At all relevant times, Plaintiff Zeeshan worked at or reported to Defendants' facility located at 1870 Bath Avenue, Brooklyn, New York (the "Bath Avenue Facility").

12. On or about February 29, 2024, Plaintiff Zeeshan was notified of her termination effective immediately.

13. At no time prior to February 29, 2024, did Plaintiff Zeeshan receive written notice that her employment would be terminated.

14. Plaintiff Sofia Saada was employed by Defendants as a human resources manager from November 2021 until February 29, 2024.

3

04-12-2024.Polished.com. Adv Proc Complaint Final

15. Plaintiff Saada is a resident of the state of New York.

16. At all relevant times, Plaintiff Saada worked at or reported to Defendants' facility located at 400 Cabot Drive, Hamilton, New Jersey (the "Hamilton Facility").

17. Plaintiffs were both terminated without cause on or about February 29, 2024.

18. Along with Plaintiffs, at least 50 other full-time employees of Defendants who worked at, reported to, or received assignments from defendant's facilities were terminated on or about February 29, 2024, without 60 days' advance written notice.

*__Defendants__*

19. Upon information and belief, at all relevant times, Defendants operated a single enterprise that consisted of a retail business that sold high end appliances, furniture and home goods online and in stores.

20. Defendant Polished.com Inc. is a Delaware corporation with its principal place of business located at 1870 Bath Avenue, Brooklyn, New York.

21. Defendant 1 Stop Electronics Center, Inc. is a Delaware corporation with its principal place of business located at 1870 Bath Avenue, Brooklyn, New York.

22. Defendant AC Gallery Inc. is a Delaware corporation with its principal place of business located at 1870 Bath Avenue, Brooklyn, New York.

23. Defendant Appliances Connection Inc. is a Delaware corporation with its principal place of business located at 1870 Bath Avenue, Brooklyn, New York.

24. Defendant Gold Coast Appliances, Inc. is a Delaware corporation with its principal place of business located at 1870 Bath Avenue, Brooklyn, New York.

25. Defendant Joe's Appliances LLC is a Delaware corporation with its principal place of business located at 1870 Bath Avenue, Brooklyn, New York.

26. Defendant Superior Deals Inc. is a Delaware corporation with its principal place of business located at 1870 Bath Avenue, Brooklyn, New York.

27. Polished.com Inc., a Delaware corporation ("Polished"), is the sole stockholder of Appliances Connection Inc., a Delaware corporation ("ACI"), its direct, wholly-owned subsidiary.

28. In addition to ACI, Polished owns directly or indirectly all of the equity interests in 1 Stop Electronics Center, Inc., Gold Coast Appliances, Inc., Superior Deals Inc., AC Gallery Inc., Joe's Appliances LLC and YF Logistics LLC. Interests in these subsidiaries arise from stock ownership or ownership through a membership interest.

29. ACI is the sole stockholder of 1 Stop Electronics Center, Inc., a New York corporation ("1 Stop"), Gold Coast Appliances, Inc., a New York corporation ("Gold Coast"), and Superior Deals Inc., a New York corporation ("Superior Deals"), and AC Gallery Inc., a Delaware corporation ("AC Gallery"), its wholly-owned subsidiaries.

30. ACI is the sole member of Joe's Appliances LLC, a New York limited liability company ("Joe's Appliances"), and YF Logistics LLC, a New Jersey limited liability company ("YF Logistics"), its direct, wholly-owned subsidiaries.

31. Upon information and belief, 1847 Partners LLC, is the Manager of Polished, providing services including supervision, oversight of day-to-day business operations, and administration.

32. Defendant Ellery W. Roberts ("Roberts") is the controlling principal of 1847 Partners LLC, and is the Chairman of the Board of Polished.

33. Upon information and belief, Roberts is also the Executive Chairman Officer of Polished, its highest operating officer.

34. Roberts is the sole manager of 1847 Partners LLC.

5

35. Roberts' ownership of 1,421,235 shares of Polished stock, which comprises about 1.35% of its shares, makes his holding the largest of any other director.

36. Polished's Board consists of the following directors: Ellery W. Roberts, Houman Akhavan, Ellette A. Anderson, Glyn C. Milburn, James M. Schneider, G. Alan Shaw, Clark R. Crosnoe, and Edward J. Tobin.

37. ACI's Board consists of the following directors: Ellery W. Roberts, James M. Schneider, and G. Alan Shaw.

38. 1 Stop's Board consists of the following directors: Ellery W. Roberts, James M. Schneider, and G. Alan Shaw.

39. Gold Coast's Board consists of the following directors: Ellery W. Roberts, James M. Schneider, and G. Alan Shaw.

40. Superior Deals' Board consists of the following directors: Ellery W. Roberts, James M. Schneider, and G. Alan Shaw.

41. AC Gallery's Board consists of the following directors: Ellery W. Roberts, James M. Schneider, and G. Alan Shaw.

42. Defendant Ellery W. Roberts is sued solely by the New Jersey-based employees in this action as an employer under N.J. Stat. Ann. § 34:21-2(d), notwithstanding anything to the contrary that may be construed from the Complaint.

43. As of February 2, 2024, Defendants employed 263 employees, all of whom were full-time employees.

44. Along with the Bath Avenue Facility, Defendants operated other sites including the Hamilton Facility in Hamilton, New Jersey (together, the "Facilities").

45. Defendants, together, employed employees who worked at, reported to, or received

6

04-12-2024.Polished.com. Adv Proc Complaint Final

assignments from the Facilities.

46. The Bath Avenue Facility employed at least 50 or more full-time employees until February 29, 2024 immediately preceding the terminations on that day.

47. Defendants paid all of the employees, including Plaintiffs and the other similarly situated individuals, out of a common account with paychecks bearing the name of Polished.com as the payor.

48. Defendants constitute a single employer under the WARN Acts.

49. On or about February 29, 2024, Defendants ceased operations and terminated all the employees from its Facilities.

50. None of the employees terminated on or about February 29, 2024 received 60 days' written notice of their terminations.

51. On or about March 7, 2024, Defendant Polished.com Inc. and its affiliates each filed voluntary petitions for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532, with the United States Bankruptcy Court for the District of Delaware. Their cases are: 1 Stop Electronics Center, Inc. (Case No. 1:24-bk-10354), AC Gallery Inc. (Case No. 1:24-bk-10355), Appliances Connection Inc. (Case No. 1:24-bk-10356), Gold Coast Appliances, Inc. (Case No. 1:24-bk-10357), Joe's Appliances LLC (Case No. 1:24-bk-10359), Superior Deals Inc. (Case No. 1:24-bk-10360); YF Logistics, LLC (Case No. 1:24-bk-10361). Joint administration is pending (Case No. Case No. 1:24-bk-10353, D.I. 16).

**FEDERAL WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104**

52. Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of themselves and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked or were based at, or reported to and received

7

04-12-2024.Polished.com. Adv Proc Complaint Final

assignments from, the Facilities and were terminated without cause on or about February 29, 2024 and within 90 days of that date, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants on or about February 29, 2024, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

53. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. The precise number and identity of such persons is information within the sole control of Defendants.

54. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

55. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendants who worked or were based at, or reported to and received assignments from, the Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act;

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act; and

(d) whether Defendants, as a single employer, violated the WARN Act and are jointly and severally liable for the violation.

56. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at, reported to, or received assignments from the Facilities, and were terminated without cause on or about February 29, 2024, due to the mass layoff and/or plant closing ordered by Defendants.

8

04-12-2024.Polished.com. Adv Proc Complaint Final

57. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

58. On or about February 29, 2024, Defendants terminated the employment of Plaintiffs and similarly situated employees, as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which the affected employees were entitled to receive 60 days' advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

59. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the WARN Class.

60. Plaintiffs intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**NEW YORK WARN ACT ALLEGATIONS**

61.  Plaintiffs bring the Second Claim for Relief for violation of NYLL § 860 *et seq.*, individually and on behalf of a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, reported to, or were based out of Defendants' Facilities in New York and were terminated without cause on or about February 29, 2024, and within 90 days of that date, or were terminated without cause as the result of the mass layoffs and/or plant closings ordered by Defendants on or about February 29, 2024, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

62.  The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. The identity and number of such persons is within the sole control of Defendants.

63.  On information and belief, Defendants employed at least 50 employees within New York State as of the time notice was first required to be given. On information and belief, Defendants terminated at least 25 full-time employees within 30 days of February 29, 2024 from its New York Facilities.

64.  On information and belief, the rate of pay and benefits that were being paid by Defendants to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

65.  Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

> (a) whether the members of the NY WARN Class were employees of the Defendants who worked in a covered site of employment of Defendants;
>
> (b) whether Defendants unlawfully terminated the employment of the members of the

10

04-12-2024.Polished.com. Adv Proc Complaint Final

NY WARN Class without cause on their part and without giving them 90 days' advance written notice in violation of the NY WARN Act;

(e) whether Defendants unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the New York WARN Act.; and

(f) whether Defendants, as a single employer, violated the WARN Act and are jointly and severally liable for the violation.

66.     The New York Plaintiff's claims are typical of those of the NY WARN Class. The New York Plaintiff, like other NY-based Class members, worked at or were based out of the Bath Avenue Facility and was terminated on or about February 29, 2024, due to the closing of the Bath Avenue Facility ordered by Defendants.

67.     The New York Plaintiff will fairly and adequately protect the interests of the NY WARN Class.  The New York Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

68.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

11

04-12-2024.Polished.com. Adv Proc Complaint Final

69. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

70. The New York Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## NEW JERSEY WARN ACT ALLEGATIONS

71. Plaintiffs bring the New Jersey WARN Act claim for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. N.J. Stat. § 34:21-2 ("New Jersey WARN Act") on behalf of a class of similarly situated persons pursuant to the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to the Facilities in New Jersey and were terminated without cause on or about February 29, 2024 or within 90 days of that date (the "New Jersey WARN Class").

72. The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

73. On information and belief, the identity of the members of the class and the recent residence address of each of the New Jersey WARN Class Members is contained in Defendants' books and records.

12

04-12-2024. Polished.com. Adv Proc Complaint Final

74. On information and belief, the rate of pay and benefits that were being paid by Defendants to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

75. Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited to, the following:

(a) whether the members of the New Jersey WARN Class were employees of the Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act;

(c) whether Defendants unlawfully failed to pay the New Jersey WARN Class members severance pay as required by the New Jersey WARN Act; and

(d) whether Defendants are liable as a single employer to Plaintiffs and the New Jersey WARN Class members.

76. The New Jersey Plaintiff's claims are typical of those of the New Jersey WARN Class. The New Jersey Plaintiff, like the New Jersey WARN Class members, worked at or reported to the Facilities and were terminated on or about February 29, 2024 due to the terminations ordered by Defendants.

77. The New Jersey Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class. The New Jersey Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

78. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class

13

04-12-2024.Polished.com. Adv Proc Complaint Final

action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

79. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

80. The New Jersey Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**Violation of the Federal WARN Act**

81. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

82. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

83. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at its Facilities.

84. Defendants operated as a single employer, as defined by the WARN Act and its regulations.

85. On or about February 29, 2024, Defendants ordered mass layoffs and/or plant closings at the Facilities as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

86. The mass layoffs or plant closings at its Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at the Bath Avenue Facility.

87. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at its Facilities.

88. Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

89. Defendants were required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

90. Defendants failed to give Plaintiffs and the Class Members written notice that complied with the requirements of the WARN Act.

91. Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

92. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

15

04-12-2024.Polished.com. Adv Proc Complaint Final

## SECOND CLAIM FOR RELIEF
### Violation of the New York WARN Act

93.   The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94.   At all relevant times, Defendants were an individual or private business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoffs or plant closings as defined by § 860-A(3),(4).

95.   On or about February 29, 2024, Defendants ordered mass layoffs and/or plant closings defined by § 860-A(3),(4).

96.   The New York Plaintiff and the New York Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendants without cause on their part.

97.   Defendants were required by the NY WARN Act to give the New York Plaintiff and New York Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

98.   Defendants failed to give the New York Plaintiff and New York Class Members written notice that complied with the requirements of the NY WARN Act.

99.   Defendants failed to pay the New York Plaintiff and each of the New York Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and benefits including health and life insurance coverage, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period. § 860-G(2).

16

04-12-2024.Polished.com. Adv Proc Complaint Final

**THIRD CLAIM FOR RELIEF**
**Violation of the New Jersey WARN Act**

100.    The New Jersey Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101.    At all relevant times, Defendants, including Ellery W. Roberts, were an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by N.J. Stat. §§ 34:21-1 and 34:21-2(d).

102.    Defendants operated facilities in New Jersey, which closed on or about February 29, 2024.

103.    On or about February 29, 2024, Defendants ordered mass layoffs and/or a termination of operations as defined by N.J. Stat. § C.34:21-2.

104.    The New Jersey WARN Class Members suffered a termination of employment as defined by N.J. Stat. §.34:21-2, having been terminated by Defendants without cause on their part.

105.    Defendants were required by the New Jersey WARN Act to give the New Jersey Class Members at least 90 days advance written notice of their terminations.

106.    Defendants failed to give the New Jersey WARN Class Members written notice that complied with the requirements of the New Jersey WARN Act.

107.    Defendants failed to pay the New Jersey WARN Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher) for each full year that they worked, *plus an additional* four weeks of mandatory severance pay.

108.    The New Jersey Plaintiff also brings a claim under the New Jersey WARN Act for

17

damages to the New Jersey-based employees of Defendants, for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendants or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. In addition, the New Jersey-based employees are entitled, in addition to the mandatory severance payment, to an additional four weeks of severance pay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as the Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A) or under N.J. Stat. §.34:21-6, or under NY Lab. L. § 860-G(2), including any civil penalties, with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim and the remainder as a general unsecured claim;

E. Judgment in favor of each New Jersey Class Member for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last

18

04-12-2024.Polished.com. Adv Proc Complaint Final

three years of employment or the final regular rate of compensation, whichever is higher), plus an additional four weeks of mandatory severance pay;

F. Certification that Plaintiffs and the other Class members constitute a single class with or without subclasses as provided under Rule 23(c)(4);

G. An allowed administrative priority claim against Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiffs incur in prosecuting this action, as authorized by the WARN Acts;

H. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

I. Such other and further relief as this Court may deem just and proper.

Dated: April 12, 2024

        Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiffs and putative class*