**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POLISHED.COM INC. et al.,[1] | ) | Case No. 24-10353 (TMH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | Hearing date: May 7, 2024 @ 10:00 a.m. ET |
| | ) | Objection deadline: April 29, 2024 @ 4:00 p.m. ET |

**LANDLORD'S MOTION TO COMPEL TRUSTEE TO COMPLY WITH SECTION 365(d)(3) OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, TO COMPEL THE TRUSTEE TO REJECT AN UNEXPIRED LEASE OF <u>NON-RESIDENTIAL REAL PROPERTY</u>**

Westgate 200 LLC (the "<u>Landlord</u>"), by and through its undersigned counsel, hereby files this motion to compel the trustee ("<u>Trustee</u>") for debtor Polished.com, Inc. (the "<u>Debtor</u>") to perform his obligations under the Debtor's lease (the "<u>Lease</u>") with the Landlord in accordance with Section 365(d)(3) of the Bankruptcy Code or, in the alternative, to reject the Lease under Section 365(a) of the Bankruptcy Code, and to obtain related relief. In support thereof, the Landlord respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29 2012. This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2) and the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629);Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373).

{02009007;v1 }

Landlord confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with article three of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory basis for the relief sough herein is 11 U.S.C. §365(d).

### BACKGROUND OF THE CASES

4. On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. The Trustee was appointed in these cases on March 12, 2024.

6. The Trustee has filed a motion requesting joint administration of these cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 10125-1, which motion is currently pending before the Court.

### LEASE

7. The Landlord is the owner of the real estate located at Westgate 200-Fountain Lakes Commerce Center, 3817-1833 Millstone Parkway, St. Charles, Missouri 63301 (the "Premises").

8. The Landlord leases the Premises to the Debtor pursuant to a Lease Agreement dated January 13, 2021 (as amended, the "Lease"). A copy of the Lease is attached hereto as **Exhibit A**.

9. Under Article IV of the Lease, the Debtor is obligated to monthly payments, in advance, of basic rent as described in the Lease, plus the Debtor's monthly pro rata share of

insurance costs, operating costs, and property taxes associated with the Premises (collectively, the "Rent Installments"). Under Section 12.1.1 of the Lease, the Debtor's failure to pay any Rent Installment within five business days after it is due constitutes an Event of Default under the Lease.

10. The Debtor failed to make the Rent Installment due on March 1, 2024. The Debtor owed the Landlord approximately $27,542.80 on the Petition Date, representing pro rata Rent Installments for the first six days of March, 2024 and unreimbursed operating expenses for prior periods.[2]

11. Furthermore, the Trustee has not paid the Rent Installments (or any other amounts) for the period March 7, 2024 through March 31, 2024 (the "Stub Period Installment") totaling $35,142.20 or for the month of April 2024 totaling $43,576.33 (the "April Installment").

12. Despite the fact that the Debtor owes not less than $78,718 under the Lease since the Petition Date, the Trustee has provided the Landlord with no adequate assurance of payment for the past due amounts or for any amounts that may become due in the future.

### TRUSTEE'S OBLIGATIONS UNDER SECTION 365(D)(3) AND EVENTS SINCE THE FILING

13. 11 U.S.C. § 365(d)(3) provides in pertinent part that a trustee shall timely perform all the obligations of the debtor, except those specified section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected.

14. Notwithstanding 11 U.S.C. § 365(d)(3), the Trustee in the instant case has not performed any of the Debtor's monetary obligations under the Lease since the Petition Date.

---

[2] This amount does not include attorneys' fees incurred before the Petition Date.

15. After the Trustee's appointment, the Landlord, through counsel, contacted the Trustee or the Trustee's counsel on at least three occasions to inquire about the Trustee's intentions with respect to the Lease.

16. After receiving no response from the Trustee or counsel, on April 10, 2024, the Landlord, through counsel, sent the attached demand letter to Trustee regarding his obligations under 11 U.S.C. § 365(d)(3) ("Demand Letter"). A copy of the Demand Letter is attached hereto as **Exhibit B.**

17. While the Trustee's counsel acknowledged receipt of the Demand Letter, the Trustee has still not made any payments to the Landlord arising after the Petition Date, even though Section 365(d)(3) requires the Trustee to timely perform the Debtor's obligations under the Lease.

18. Furthermore, the Trustee has taken no steps to remove any of the Debtor's property that remains in the Premises.

## RELIEF REQUESTED AND BASIS THEREFORE

19. Landlord respectfully requests that the Court enter an order compelling the Trustee to immediately comply with his obligations under 11 U.S.C. §365(d)(3) by making all payments required under the Lease to the Landlord.[3] Alternatively, if the Trustee is unable or unwilling to comply with 11 U.S.C. §365(d)(3), the Landlord requests this Court to enter an order requiring the Trustee to immediately reject the Lease under 11 U.S.C. §365(a) and to vacate the Premises.

20. The Landlord's request herein is consistent with the plain language of 11 U.S.C. §365(d)(3), which requires a trustee to "timely perform all of the obligations of the debtor . . .

---

[3] Consistent with the applicable law in the Third Circuit, the Landlord does not request immediate payment of the Stub Period Installment. Instead, the Landlord requests immediate payment of the April Installment and timely payment of all Rent Installments coming due thereafter until the Trustee either assumes or rejects the Lease. The Landlord reserves the right to seek allowance and payment of the "Stub Rent Installment as an expense of administration at a later time.

under any unexpired lease of nonresidential real property." The leading case is *Montgomery Ward*, which held that an obligation arises under a lease "when the legally enforceable duty to perform arises under that lease." *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 210-11 (3d Cir. 2001); *see also In re Valley Media, Inc.*, 290 B.R. 73, 74 (Bankr. D. Del. 2003) ("The purpose of § 365(d)(3) is to protect landlords by requiring debtors to timely perform their obligations arising under the lease.").

20. Courts interpret "timely performance" to mean *immediate* payment as such obligations come due—not at some other more-convenient time of a debtor's choosing or when administrative expenses are paid through a plan. *See In re Goody's Family Clothing, Inc.*, 401 B.R. 656, 663 (D. Del. 2009), *aff'd sub nom. In re Goody's Family Clothing, Inc.*, 610 F.3d 812 (3d Cir. 2010) ("[Section] 365(d)(3) makes recovery of post-petition rent automatic, rather than requiring landlords to bring, and prove, a § 503(b)(1) administrative expense claim."); *Valley Media*, 290 B.R. at 77 ("The language of § 365(d)(3) requires an estate representative to make immediate payment of nonresidential lease obligations where the estate representative can meet those obligations consistent with its obligations to others."); *see also In re Stone Barn Manhattan LLC*, 398 B.R. 359, 362 (Bankr. S.D.N.Y. 2008) ( "[M]any courts have found 503(b)(1) to be superseded by 365(d)(3); to hold otherwise would flout the intent of Congress in that the landlord would still be forced to provide current services while awaiting an evidentiary hearing to determine the actual amount the debtor owed it.")(internal quotes omitted).

## NOTICE

21. The Landlord will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) proposed counsel to the Trustee, and (d) all other parties requesting

notice pursuant to Bankruptcy Rule 2002. The Landlord respectfully submits that no further notice is required.

WHEREFORE, the Landlord respectfully requests that the Court enter an order: (a) compelling the Trustee to comply immediately with 11 U.S.C. §365(d)(3) by, *inter alia*, making to Landlord all payments described herein and arising under the Lease after the Petition Date; (b) or, in the alternative, compelling the Trustee to immediately reject the Lease, vacate the Premises, and remove all of the Debtor's property on the Premises; and (c) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: April 22, 2024<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Gregory A. Taylor*<br>Gregory A. Taylor (DE Bar No. 4008)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Email: GTaylor@ashbygeddes.com<br><br>-and-<br><br>**THOMPSON COBURN LLP**<br>David A. Warfield, Esq.<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Tel: (314) 552-6079<br>Email: dwarfield@thompsoncoburn.com<br><br>*Counsel to Westgate 200 LLC* |