# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YF LOGISTICS LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-10361 (TMH) |
| In re:<br><br>POLISHED.COM INC., et al.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-10353 (TMH) |

## ORDER REJECTING SUBLEASE AGREEMENT AND AUTHORIZING ABANDONMENT OF ALL REMAINING PROPERTY OF THE ESTATE LOCATED AT THE CABOT WAREHOUSE-UNIT A

Upon consideration of *Dynamic Marketing Inc.'s Emergency Motion to Compel the Chapter 7 Trustee to Immediately Surrender the Premises or Alternatively, Pay the Full Amount of Any Holdover Rent* (the "Motion")[2] filed by Dynamic Marketing Inc. ("DMI"), and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C § 1334, which was referred to this Court under 28 U.S.C § 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29 2012; and this Court may enter a final order consistent with Article III of the United States Constitution; and consideration of the Motion and the relief requested therein being

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373)

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Trustee having requested, and DMI having agreed to, withdrawal of the Motion and the *Declaration of Alan Joskowicz* (the "Declaration") submitted in support of the Motion due to the Trustee's and Bank of America's dispute with certain assertions in the Motion and Declaration, and in order to reach a consensual resolution on the immediate rejection of the Sublease and authorization to abandon any property of the estate remaining on the Premises, and the Court having reviewed the certification of counsel submitted herewith by DMI and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. To the extent the Sublease is an unexpired lease under section 365 of the Bankruptcy Code, the Sublease is deemed rejected effective as of entry of this Order (the "Rejection Date").

2. The Trustee shall immediately vacate and surrender the Premises to DMI no later than entry of this Order.

3. Notwithstanding anything else in this Order, the Trustee shall be permitted to remove property from the Premises and parking lot after the Rejection Date with permission from DMI.

4. Subject to paragraph 5 below, the Trustee is authorized to abandon any of the remaining property of the estate located on the Premises or in the parking lot of 400 Cabot Drive, Hamilton Township, New Jersey (the "Cabot Warehouse") as of the Rejection Date (the

"Abandoned Property") as (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

5. Effective as of the fourteenth day after entry of this Order, any and all Abandoned Property located on the Premises or in the parking lot of the Cabot Warehouse shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code free and clear of all liens, claims, encumbrances and interests of any third parties. Bank of America has consented to the abandonment and release of its interests and liens on the Abandoned Property as of the Rejection Date. DMI shall be permitted to, in its sole discretion and without further notice or order of this Court, utilize and/or dispose of such Abandoned Property without liability and, to the extent applicable, the automatic stay is modified to allow such use or disposition.

6. Notwithstanding anything else in this Order, DMI shall be permitted to immediately move the Abandoned Property as necessary to surrender the Cabot Warehouse and avoid any further rent obligations in connection with the Cabot Warehouse, to the extent possible.

7. DMI shall promptly file a notice of withdrawal of the Motion and Declaration.

8. This Court shall retain jurisdiction over all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: April 30th, 2024
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

3