**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| POLISHED.COM INC., *et al.*,[1] ) | Case No. 24-10353 (TMH) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | **Ref. Docket No. 68** |

**ORDER (A) ESTABLISHING BID PROCEDURES IN CONNECTION WITH SALE OF
DEBTORS' ASSETS; (B) APPROVING THE FORM AND MANNER OF NOTICES;
(C) SCHEDULING A SALE HEARING; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of George L. Miller, chapter 7 trustee (the "Trustee" or "Seller") to the estates of the above-captioned debtors (the "Debtors") for entry of an order: (a) establishing bidding procedures (the "Bid Procedures") in connection with a sale (the "Sale") of substantially all of the Debtors' assets (the "Assets"), free and clear of all liens, claims, interests, and encumbrances; (b) approving the form and manner of notices of the Sale and Bid Procedures; (c) scheduling a hearing to consider the approval of the Sale (the "Sale Hearing"); and (d) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Sharing Agreement Among Chapter 7 Trustee and Bank of America, N.A., Providing for, Among Other Things, (I) Determination And Allowance Of Certain Pre-Petition Secured Claims And Liens; (II) Trustee's Sale of the Debtors' Assets and Secured Lenders' Collateral; (III) Specified Carve-Out From the Secured Lenders' Liens; and (IV) Related Agreements* (D.I. 65-1).

dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and the Court having found that notice of and opportunity for a hearing on the Motion were appropriate; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Bid Procedures, attached hereto as **Exhibit 1**, are hereby approved in all respects.  Any person who wishes to participate in the Bidding Process must be a Potential Bidder, and any person who wishes to participate in the Auction must be a Qualified Bidder.  To be a Potential Bidder, a person must deliver the Potential Bid Documents via email to the Trustee and the Trustee's counsel.  All Qualified Bidders must deliver to the Trustee and his counsel the required bid documents in accordance with the Bid Procedures by **June 18, 2024 at 12:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").

3. Bank of America, N.A., in its capacity as Administrative Agent under that certain Credit Agreement, dated as of May 9, 2022, by and among the Debtors, the Lenders (as defined in the Credit Agreement) from time to time party thereto and Bank of America, N.A. (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") and/or other Prepetition Secured Party shall be entitled to credit bid any

portion of its outstanding Secured Obligations pursuant to section 363(k) of the Bankruptcy Code with respect to any Assets on which it hold liens (prepetition or postpetition) (a "Credit Bid"), provided, however, any Credit Bid by BofA and/or other Prepetition Secured Party for any of the Assets shall include a cash component for any Excluded Assets on which the Prepetition Secured Parties do not have liens as well the Estate Recovery with respect to such Asset(s), unless otherwise agreed by the Trustee.  Bank of America, N.A. and/or any other Prepetition Secured Party shall be deemed a Qualified Bidder at all times and for all purposes and its bid (including any credit bids at the Auction) shall be considered a Qualified Bid for all purposes without compliance with any participation requirements in the Bid Procedures.  Notwithstanding anything to the contrary herein or in the Bid Procedures, from and after the submission of a credit bid by the Consultation Party, the Trustee shall not be required to consult with the Consultation Party submitting such credit bid or obtain the consent of the Consultation Party in connection with the sale of the Assets subject to such credit bid unless and until such credit bid is withdrawn in writing by the Consultation Party.

**Auction**

4.	If, as of the Bid Deadline, the Trustee has received one or more Qualified Bids, the Auction shall take place telephonically and/or via Zoom videoconference on **June 20, 2024 at 1:00 p.m. (prevailing Eastern Time)** or such later time or other place as the Trustee may determine.  In the event that the Trustee designates a later time or place for the Auction, the Trustee shall:  (i) notify all Qualified Bidders (as defined in the Bid Procedures); and (ii) file a notice of such change with the Court.  If the Trustee receives only one Qualified Bid with regard to all or a portion of the Assets:  (a) the Trustee may, in his discretion, in consultation with the Consultation Party, not hold an Auction with respect to the Assets; (b) the Qualified Bid, as

applicable, may be named the Successful Bid with respect to the Assets; and (c) the Qualified Bidder, as applicable, may be named the Successful Bidder with respect to the Assets.

5.  Each Qualified Bidder participating in the Auction will be required to confirm, in writing, that: (a) it has not engaged in any collusion with respect to the Bidding Process or on the record at the Auction; (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder; and (c) the Potential Bidder (other than the Consultation Party) agrees to serve as a backup bidder if the Potential Bidder's Qualified Bid is the next highest and best bid after the Successful Bid with respect to the Assets.

## Sale Notice

6.  Promptly upon entry of this Order, the Trustee will commence service of the Sale Notice by mailing the Sale Notice and this Order via email if available (or first class mail if no email is available) to the Notice Parties. The Sale Notice attached to the Motion as Exhibit C is hereby approved.

**Sale Objection Deadline**

7. Objections, if any, to the Sale shall be filed with this Court and served in accordance with the Sale Notice and this Order so as to be received by **June 21, 2024 at 4:00 p.m. (prevailing Eastern Time)**.

**Sale Hearing**

8. The Sale Hearing shall be held before this Court on **June 27, 2024 at 9:00 a.m. (prevailing Eastern Time)** before the Honorable Thomas M. Horan, United States Bankruptcy Judge for the District of Delaware, at 824 North Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801 (or virtually via Zoom videoconference). The Trustee shall file a form of Sale Order no later than two (2) business days before the Sale Hearing. At the Sale Hearing, the Debtors will seek entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s). The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Debtors from time to time without further notice other than by announcement in open court, on this Court's calendar, or through the filing of a notice or other document on this Court's docket.

**Other Provisions**

9. Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of effectiveness or execution of this Order.

10. In the event of any conflict between this Order and the Bid Procedures, this Order shall govern in all respects.

11. The requirements set forth in Rules 9006-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are hereby satisfied or waived.

12. This Court shall retain exclusive jurisdiction over any matters related to or arising from the interpretation, enforcement, and implementation of this Order.

**Dated: June 6th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**