**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| POLISHED.COM INC., *et al.*,[1] | ) Case No. 24-10353 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Ref. Docket No. 92** |

**CHAPTER 7 TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR AN ORDER**
**(A) AUTHORIZING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF**
**ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) GRANTING**
**RELATED RELIEF**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") in the above-captioned chapter 7 cases, submits this reply in support of the *Motion of George L. Miller, Chapter 7 Trustee, for Orders (A) Establishing Bidding Procedures in Connection with Sale of Debtors' Assets and Authorizing Trustee's Ability to Select Stalking Horse and Provide Bid Protections; (B) Approving the Form and Manner of Notices; (C) Scheduling a Sale Hearing; (D) Authorizing the Sale of the Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (E) Granting Related Relief* [Docket No. 68] (the "Sale Motion")[2] and in response to the *Objection of Hand Development Company LLC to the Chapter 7 Trustee's Motion for Orders (A) Establishing Bidding Procedures in Connection with Sale of Debtors' Assets and Authorizing Trustee's Ability to Select Stalking Horse and Provide Bid Protections; (B) Approving the Form and Manner of Notices; (C) Scheduling a Sale Hearing;*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

*(D) Authorizing the Sale of the Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (E) Granting Related Relief* [Docket No. 92] (the "Objection") filed by Hand Development Company LLC ("HDC").   In further support of the Sale Motion, the Trustee respectfully states as follows:

## RELEVANT BACKGROUND

1.       On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2.       The Trustee was appointed in these cases on March 12, 2024 and is so qualified and acting.

3.       On May 24, 2024, the Trustee filed the Sale Motion, which also included a motion seeking approval of the Bid Procedures (as defined below).

4.       On June 6, 2024, the Court entered the *Order (A) Establishing Bid Procedures in Connection with Sale of Debtors' Assets; (B) Approving the Form and Manner of Notices; (C) Scheduling a Sale Hearing; and (D) Granting Related Relief* [Docket No. 87] (the "Bid Procedures Order"), approving certain dates, deadlines, and procedures for the potential sale of all or substantially all of the Debtors' assets (the "Bid Procedures").

5.       In accordance with the Bid Procedures, the Debtors conducted an Auction for the Assets on June 20, 2024 to determine the highest and best offer for the Debtors' Assets.

6.       At the conclusion of the Auction, the Trustee, in consultation with the Consultation Party, declared:   (a) Dynamic Marketing Inc. as the Successful Bidder for the Assets; and (b) Amenihub LLC as the Backup Bidder, as described more fully on the record of the Auction

7.       On June 21, 2024, the Trustee filed the *Notice of Successful Bidder for Debtors' Assets and Auction Results* [Docket No. 91].

8.      The Trustee seeks entry of an order approving the sale of the Assets (the "Sale Order").  A hearing to approve the sale of the Assets is scheduled for June 27, 2024 at 9:00 a.m. (prevailing Eastern Time).

**REPLY**

9.      HDC is nothing more than a general unsecured creditor that paid for goods it did not receive before the Debtors filed their chapter 7 cases.  HDC's argument is without merit because if successful it would mean that any debtor in bankruptcy that breached a contract and failed to deliver physical product would be swamped with "constructive trust" claims that carve up the estate.

10.     HDC's position runs counter to the ratable distribution scheme established under the Bankruptcy Code.  Indeed, "[c]onstructive trusts are anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, not from the offending debtor." *In re Omegas Grp., Inc.*, 16 F.3d 1443, 1452 (6th Cir. 1994).  A simple breach of contract does not create a constructive trust.

11.     While it is unclear what state law applies, delivery was allegedly supposed to have been made in Georgia.  Georgia law recognizes constructive trusts, but HDC cannot have one in these circumstances. *See Whiten v. Murray*, 599 S.E.2d 346, 350 (Ga. 2004).

12.     First, "[t]he filing of a bankruptcy petition creates an estate that consists of all property in which the debtor has *any* interest as of the commencement of the case." *In re Francois*, 525 B.R. 531, 535 (Bankr. N.D. Ga. 2015) (internal quotation marks omitted) (quoting *In re Chambers*, 500 B.R. 221, 226 (Bankr. N.D. Ga. 2013)).  "The distribution of this interest is governed by plain and unambiguous statutory language of the bankruptcy code.  This language— creating a distribution scheme that is both mandatory and strict—presumes that [a] debtor's limited resources are to be distributed equally among the creditors in the manner prescribed by Congress.

The resulting jurisprudence places a high standard on the creation of implied trusts in bankruptcy proceedings." *Id.*; *see also In re First Cent. Fin. Corp.*, 377 F.3d 209, 217 (2d Cir. 2004) (internal quotation marks omitted) ("[B]y creating a separate allocation mechanism outside the scope of the bankruptcy system, the constructive trust doctrine can wreak . . . havoc with the priority system ordained by the Bankruptcy Code."). A constructive trust "thwarts the principle of ratable distribution underlying the Bankruptcy Code." *In re Chambers*, 500 B.R. at 230. As such, implied trusts are sparingly used in bankruptcy courts. *In re Francois*, 525 B.R. at 534–35.

13.     Second, a constructive trust will generally "not be imposed unless the complaint makes specific allegations of wrongdoing, such as fraud, breach of fiduciary duty, duress, coercion or mistake." *Suttles v. Vogel*, 533 N.E.2d 901, 905 (Ill. 1988) (citations omitted). "Furthermore, the grounds for imposing a constructive trust must be so clear, convincing, strong and unequivocal as to lead to but one conclusion." *Id.* "[M]ere nonpayment of a money debt is insufficient wrongdoing to justify imposition of a constructive trust." *Midwest Decks, Inc. v. Butler & Baretz Acquisitions, Inc.*, 649 N.E.2d 511, 518 (Ill. App. 1995). Nor will a breach of contract give rise to a constructive trust. *See In re Stotler and Co.*, 144 B.R. 385, 390 (N.D. Ill.1992); *see also In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d 54, 58 (3d Cir. 1990) ("The proper remedy for breach of contract . . . is an award of damages at law, not the equitable remedy of constructive trust."); *In re KI Liquidation, Inc.*, No. 08-611 (MLC), 2008 U.S. Dist. LEXIS 97522, at \*16 (D.N.J. Dec. 1, 2008) ("Breach of a contract . . . does not qualify as a wrongful act necessary for the imposition of a constructive trust.").

14.     HDC is a general unsecured creditor and fails to establish a basis for imposing a constructive trust. Accordingly, the Objection should be overruled.

WHEREFORE, the Trustee respectfully requests that the Court overrule the Objection and enter the Sale Order, granting the relief requested in the Sale Motion and granting such other and further relief that the Court deems proper and just.

Dated:  June 25, 2024                 **PACHULSKI STANG ZIEHL & JONES LLP**

_/s/ Colin R. Robinson_
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com
        crobinson@pszjlaw.com
        pkeane@pszjlaw.com
        ecorma@pszjlaw.com

_Counsel to George L. Miller, Chapter 7 Trustee_