IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POLISHED.COM INC. et al.,[1] | ) | Case No. 24-10353 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: D.I. 26, 37** |

### ORDER GRANTING LANDLORD'S MOTION TO COMPEL TRUSTEE TO COMPLY WITH SECTION 365(d)(3) OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, TO COMPEL THE TRUSTEE TO REJECT AN UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

Upon consideration of the *Motion to Compel Trustee to Comply with Section 365(d)(3) of the Bankruptcy Code or, in the Alternative, to Compel the Trustee to Reject an Unexpired Lease of Non-Residential Real Property* [D.I. 26] (the "Motion") filed by Westgate 200 LLC ("Landlord")[2]; and this Court having jurisdiction over this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and this Court having reviewed the Motion and the *Response and Reservation of Rights of Chapter 7 Trustee* [D.I. 37] to the Motion; and having heard the statements in support of the relief requested therein by the Landlord and the Trustee's response at a hearing before this Court held on May 7, 2024 (the "Hearing"); and this Court having determined

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to such terms in the Motion.

- 2 -

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee shall pay to Landlord all Rent Installments due under the Lease for the months of April, May and June 2024, which amounts in the aggregate total $130,576.99, no later than July 31, 2024.

3. The Landlord is authorized to apply the security deposit to reduce its prepetition claim against the estate. Nothing herein shall prejudice the Landlord's ability to file a proof of claim for any prepetition amounts that remain due after application of the security deposit or the ability of the Trustee or any party in interest to object to the allowance of such proof of claim.

4. Unless otherwise agreed to in writing between the Landlord and the Trustee, the Trustee shall vacate and surrender the Premises to the Landlord no later than June 30, 2024 at 11:59 p.m. (ET).

5. Upon vacating the Premises and upon entry of an order rejecting the Lease, the Trustee is authorized to abandon any of the remaining property of the estate (the "Abandoned Property") located on the Premises as (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

6. Any and all Abandoned Property located on the Premises on the Rejection Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The Landlord, may, in its sole discretion and without further order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors, the

- 3 -

Trustee, and Bank of America, N.A, (which shall be deemed to have released its security interest in the Abandoned Property).and, to the extent applicable, the automatic stay is modified to allow such disposition.

7. The Landlord reserves the right to file a request for allowance of an administrative expense claim for any rent or related amounts that come due under the Lease that are otherwise unpaid, and nothing herein shall prohibit the Trustee or any other party in interest from objecting to any such request.

7. This Court shall retain jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 1st, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**