IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| POLISHED.COM INC., *et al.*,[1] ) | Case No. 24-10353 (TMH) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND
RAKESH DOSHI AND GITA DOSHI REGARDING RELIEF
FROM AUTOMATIC STAY TO PURSUE INSURANCE PROCEEDS**

This Stipulation (the "Stipulation") by and between George L. Miller, in his capacity as chapter 7 trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors") and Rakesh Doshi and Gita Doshi ("Plaintiffs" and together with the Trustee, the "Parties") to modify the automatic stay and permit Plaintiffs to pursue recovery of insurance proceeds only.

IT IS HEREBY STIPULATED by all parties to the above-captioned matter as follows:

**WHEREAS**, on March 7, 2024, each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, the Trustee was appointed as chapter 7 trustee in these cases on March 12, 2024 and is so qualified and acting;

**WHEREAS**, on April 1, 2024, Plaintiffs filed an action in the Superior Court of New Jersey, Law Division, Middlesex County, entitled *Doshi, et al. v. YF Logistics, et al.*, Docket No. MID-L-193-24 (the "Lawsuit"), asserting general liability/negligence claims against certain of the Debtors;

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373).

**WHEREAS**, the Parties have discussed a modification of the automatic stay to permit Plaintiffs to pursue insurance proceeds only;

NOW, THEREFORE, the parties agree, subject to approval of the Court, as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The automatic stay under section 362 of the Bankruptcy Code is modified to permit Plaintiffs to continue the Lawsuit solely for the purpose of pursuing, litigating, and collecting from applicable insurance policies, if any, and not against the Trustee, the Debtors, or the Debtors' estates.

3. Plaintiffs agree and acknowledge that: (a) any recovery arising from the Lawsuit with respect to the Debtors or their estates is limited to funds made available from applicable insurance policies, if any, and not from the Debtors or their estates; (b) to the extent that applicable insurance policies, if any, do not satisfy any judgment or settlement from the Lawsuit, for any reason, neither the Trustee, the Debtors, the Debtors' estates, nor any of their successors shall satisfy or be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in the Debtors' cases, and Plaintiffs shall not seek to collect on any such unsatisfied portion from the Trustee, the Debtors, the Debtors' estates, or any of their successors, whether through filing a proof of claim or otherwise; and (c) Plaintiffs agree to hold the Trustee, the Debtors, and the Debtors' estates harmless with respect to any claim that may be asserted by any insurance carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment to Plaintiffs of any judgment or settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

4. Plaintiffs agree that any proof of claim filed by Plaintiffs or scheduled in favor of Plaintiffs in connection with the Lawsuit against the Debtors, their estates, or their successors in the Debtors' cases, if any, are, by entry of this Stipulation, deemed disallowed and reflected as such on the Bankruptcy Court's official claims register.

5. Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates, or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third-party administrator has to pay claims covered by any alleged applicable insurance policy; (iii) creates or permits a direct right of action by Plaintiffs against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest or litigate the existence, primacy, or scope of available coverage under any allegedly applicable insurance policy.

6. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

7. By entering into this Stipulation, neither Party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Lawsuit, except as otherwise provided in this Stipulation.

8. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

9. Each of the Parties hereto represents and warrants that such Party is duly authorized to enter into and be bound by this Stipulation.

10. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

11. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

*[Remainder of Page Intentionally Left Blank]*

12. The Bankruptcy Court retains jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation and the order approving the Stipulation.

**ACCEPTED AND AGREED TO:**

Dated: January 8, 2025

**GEORGE L. MILLER, solely in his capacity as chapter 7 trustee of the estates of Polished.com, Inc., et al.**

_____
George L. Miller, Chapter 7 Trustee

Dated: January 8, 2025

**KIRSCH, STONE & MORGAN, P.A.**

_____
Ronald J. Morgan
50 Park Place, Suite 401
Newark, NJ 07102
Telephone: (973) 623-0100
Facsimile: (973) 623-6901
Email: rmorgan@ksmlawoffice.com

*Counsel to Plaintiffs*