**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| POLISHED.COM INC., *et al.*,[1] | ) ) ) | Case No. 24-10353 (TMH) |
| Debtors. | ) ) ) | (Jointly Administered) |

**Hearing Date: February 5, 2025 at 11:00 a.m. (ET)**
**Objection Deadline: January 28, 2025 at 4:00 p.m. (ET)**

### APPLICATION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER: (I) AUTHORIZING CHAPTER 7 TRUSTEE TO EMPLOY AND RETAIN AUCTION ADVISORS LLC AS AUCTIONEER, EFFECTIVE AS DECEMBER 27, 2024; (II) APPROVING THE TERMS OF THE ENGAGEMENT AGREEMENT; (III) MODIFYING CERTAIN TIMEKEEPING REQUIREMENTS; AND (IV) GRANTING RELATED RELIEF

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), hereby applies to the Court (this "Application"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2(h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"): (i) authorizing the Trustee to employ and retain Auction Advisors LLC ("Auction Advisors" or "Auctioneer") as auctioneer for the Trustee, effective as of December 27, 2024 (as defined below)

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

in accordance with the terms and conditions set forth in that certain Asset Disposition & Auction Services Agreement (the "Auction Agreement"), a copy of which is attached as **Exhibit 1** to the Proposed Order; (ii) approving the terms of the Auction Agreement and related provisions set forth therein; (iii) modifying certain information requirements of Local Rule 2016-2; and (iv) granting related relief.  In support of this Application, the Trustee submits the declaration of Joshua Olshin, Managing Partner at Auction Advisors (the "Declaration"), attached hereto as **Exhibit B**.  In further support of the Application, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2(h).

**Background**

4. On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. The Trustee was appointed in these cases on March 12, 2024, and is so qualified and acting.

6. On May 24, 2024, the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee, for Orders (A) Establishing Bidding Procedures in Connection with Sale of Debtors' Assets and Authorizing Trustee's Ability to Select Stalking Horse and Provide Bid Protections; (B) Approving the Form and Manner of Notices; (C) Scheduling a Sale Hearing; (D) Authorizing the Sale of the Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (E) Granting Related Relief* [Docket No. 68] (the "Sale Motion").

7. On June 6, 2024, the Court entered the *Order (A) Establishing Bid Procedures in Connection with Sale of Debtors' Assets; (B) Approving the Form and Manner of Notices; (C) Scheduling a Sale Hearing; and (D) Granting Related Relief* [Docket No. 87] (the "Bid Procedures Order"), approving certain dates, deadlines, and procedures for the potential sale of all or substantially all of the Debtors' assets (the "Bid Procedures").

8. In accordance with the Bid Procedures, the Debtors conducted an Auction for the Assets on June 20, 2024 to determine the highest and best offer for the Debtors' assets.

9. At the conclusion of the Auction, the Trustee, in consultation with the Consultation Party, declared: (a) Dynamic Marketing Inc. ("DMI") as the Successful Bidder for

the Assets; and (b) Amenihub LLC as the Backup Bidder, as described more fully on the record of the Auction.

10. On June 21, 2024, the Trustee filed the *Notice of Successful Bidder for Debtors' Assets and Auction Results* [Docket No. 91].

11. On June 27, 2024, the Court approved the sale [Docket No. 100] (the "Sale Order") of the Debtors' assets and the related asset purchase agreement to DMI (the "DMI APA"). While all of the Debtors' assets were marketed, the sale to DMI did not include approximately 21 trucks and an additional number of trailers (the "Vehicles") owned by the Debtors' estates. Fourteen (14) of the Vehicles are subject to finance agreements with Toyota Industries Commercial Finance, Inc. ("Toyota").

12. On May 6, 2024, Toyota filed a motion for relief from the automatic stay [Docket No. 56] (the "Stay Relief Motion") to seize the Vehicles subject to its liens. The Trustee and Toyota have agreed to several adjournments of the Stay Relief Motion while the Trustee attempted to finalize the sale of the vehicles subject to the Stay Relief Motion.

## Relief Requested

13. By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2(h), the Trustee requests authority to appoint and retain Auction Advisors as auctioneer in these chapter 7 cases in accordance with the terms and conditions set forth in the Auction Agreement, effective as of the Petition Date.

14. The Auction Agreement provides for a commission (the "Commission") equal to Fifteen Percent (15%) of the bid amount of any sale of the Vehicles. Additionally, as is customary at auction, the Auctioneer will charge any buyer a "Buyer's Premium" equal to Fifteen Percent (15%) of the bid amount as well. Such Buyer's Premium shall be paid by the buyer and remitted to Auctioneer together with the Commission.

15. In addition to the Auctioneer receiving the Commissions and the Buyer's Premium, the Trustee shall reimburse the Auctioneer for marketing & advertising incurred by Auctioneer in connection with the sale and marketing of the Vehicles and the conduct of the auction, including, without limitation, the cost of print ads, social media, online marketing, listings, various campaigns, direct e-solicitation (collectively, "Marketing Expenses"). Any such reimbursement of Marketing Expenses shall not exceed $5,000 and only be for actual, reasonably incurred expenses

16. The Auctioneer shall (if applicable) also be reimbursed for any outlays it shall make in connection with repairing and readying the trucks for auction ("Vehicle Prep Expenses"). Such Vehicle Prep Expenses shall include, as applicable but without limitation, the cost of parts and labor to repair the Vehicles, battery replacement, towing, inspection & reporting on physical condition. Notwithstanding the foregoing, Auctioneer acknowledges and agrees that any Vehicle Prep Expenses shall require the approval by the Trustee on an itemized basis.

17. The Trustee believes that his retention of Auction Advisors is necessary and appropriate to enable the Trustee to effectuate a sale of the Debtors' tangible assets and to fulfill the Trustee's statutory duties in these cases.

### Auction Advisor's Qualifications

18. Operating for over 20 years, Auction Advisors is a prominent middle-market firm specializing in brokerage, fiduciary, liquidation & auction services. It assists clients in effectively managing and maximizing the disposition value of their real estate, commercial assets, and businesses. Auction Advisors conducts dozens of auction projects per year, nationally. Auction Advisors has sold 100s of vehicles through auction.

### Services to Be Provided

19. Subject to the approval of the Court, the contemplated terms and conditions of Auction Advisor's engagement in these cases are set forth in the Auction Agreement. These terms were negotiated at arm's length between the Trustee and Auctions Advisors and reflect the parties' mutual agreement as to the substantial efforts that will be required by Auction Advisors in this engagement. In consideration for the compensation contemplated in the Auction Agreement, Auctions Advisors has provided and has agreed to provide the following services (the "Services") in the cases:[2]

    (a)    The Auction(s) will be conducted as soon as practicable and completed no later than February 28, 2025, with the exact date(s) of the start of the Auction and completion of the Auction to be mutually agreed upon by Trustee and Auctioneer. At all times the Auction will be conducted online through either a propriety or third party platform which Auctioneer customarily uses for vehicle sales (collectively, the "Website").

---

[2] The summary of the Auction Agreement in this Application is qualified in its entirety by reference to the provisions of the Auction Agreement. To the extent that there is any discrepancy between the summary contained herein and the terms set forth in the Auction Agreement, the terms of the Auction Agreement shall govern and control. Capitalized terms used in describing the terms of the Auction Agreement, but not otherwise defined herein, shall have the meanings given to such terms in the Auction Agreement.

(b) All Assets in the Auction shall be sold to the highest bidder (subject only to the purchaser's timely payment in full and removal of purchased Assets). Auctioneer, however, does not guarantee that any sale will be completed, and Auctioneer is not responsible in the event that a purchaser fails to live up to its agreement and complete a purchase, provided Auctioneer guarantees payment for any asset it authorizes to be removed from the premises.

### **Professional Compensation**

20. In consideration of the Services, and as more fully described in the Auction Agreement, subject to the Court's approval, the Trustee has agreed to pay Auction Advisors the proposed compensation (the "Compensation") set forth in the Auction Agreement, which is summarized below:

(a) Auctioneer Advisors will be paid a commission (the "Commission") equal to Fifteen Percent (15%) of the bid amount of any sale of the Vehicles. Additionally, as is customary at auction, the Auctioneer will charge any buyer a "Buyer's Premium" equal to Fifteen Percent (15%) of the bid amount as well. Such Buyer's Premium shall be paid by the buyer and remitted to Auctioneer together with the Commission:

(b) Reimbursement for Marketing Expenses not to exceed $5,000 and only be for actual, reasonably incurred expenses; and

(c) Reimbursement for Vehicle Prep Expenses subject to approval by the Trustee on an itemized basis.

21. The Compensation described above is comparable to compensation generally charged by other firms of similar stature to Auction Advisors for comparable auctioneer engagements, both in and out of bankruptcy. Auction Advisors and the Trustee believe that the Compensation is reasonable.

22. In sum, in light of the foregoing and Auction Advisors commitment to its auction services for the Trustee, and the market prices for Auction Advisors services for

engagements of this nature, the Trustee believes that the Compensation described herein is market-based, fair, and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

23.     Accordingly, as more fully described below, the Trustee believes that the Court should approve Auction Advisor's retention.

### No Duplication of Services

24.     The Trustee is mindful of the need to avoid duplication of services, and the Trustee understands that Auction Advisor will use its reasonable efforts to work cooperatively with the Trustee's other professionals to integrate any respective work performed by those professionals on behalf of the Trustee. The Trustee believes that Auction Advisor's services will not duplicate the efforts of the other professionals retained by the Trustee in these cases.

### Timekeeping Requirements and Modification of Local Rule 2016-2

25.     It is not the general practice of auctioneers, including Auction Advisors, to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d). Because Auction Advisors does not ordinarily maintain contemporaneous time records or provide or conform to a schedule of hourly rates for its professionals, the Trustee requests pursuant to Local Rule 2016-2(h) that Auction Advisors be excused from compliance with the requirements under Local Rule 2016-2(d).

26.     Bankruptcy courts in this and other jurisdictions have approved similar waivers to the one requested in this Application. *See, e.g.*, *In re RTI Holding Co., LLC*, Case No. 20-12456 (JTD) (Bankr. D. Del. Nov. 9, 2020); *In re M&G USA Corp.*,

Case No. 17-12307 (BLS) (Bankr. D. Del. Dec. 1, 2017); *In re GenOn Energy, Inc.*, Case No. 17-33695 (DRJ) (Bankr. S.D. Tex. July 14, 2017); *In re rue21, Inc.*, Case No. 17-22045 (GLT) (Bankr. W.D. Pa. June 28, 2017); *In re Answers Holdings, Inc.*, Case No. 17-10496 (SMB) (Bankr. S.D.N.Y. Apr. 7, 2017); *In re Ultra Petroleum Corp.*, Case No. 16-32202 (MI) (Bankr. S.D. Tex. June 20, 2016); *In re Sports Auth. Holdings, Inc.*, Case No. 16-10527 (MFW) (Bankr. D. Del. Mar. 29, 2016).

### **Disinterestedness**

27. As more fully set forth in the Declaration, prior to filing this application, the Trustee's counsel provided Auction Advisors with the creditor matrices filed in these cases for Auction Advisors to run for conflicts and to determine if Auction Advisors had any connections with the creditor matrix parties.

28. To the best of the Trustee's knowledge, information, and belief as of the date hereof, Auction Advisors: (a) is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code and as required under section 327(a) of the Bankruptcy Code; (b) does not hold or represent an interest materially adverse to the Debtors' estates; and (c) has no connection to the Debtors, their creditors, their shareholders, or other parties in interest, except as disclosed in the Declaration.

29. Auction Advisors previously served an auctioneer for the Trustee in matters unrelated to the Debtors' cases.

**Basis for Relief**

A. **The Trustee Should Be Permitted to Employ and Retain Auction Advisors on the Terms of the Engagement Agreement Pursuant to Sections 327 and 328 of the Bankruptcy Code**

30. The Trustee seeks approval of Auction Advisor's retention and compensation structure pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

31. Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Thus, section 328(a) of the Bankruptcy Code permits the compensation of professionals, including financial advisors and investment banking firms, on more flexible terms that reflect the nature of their services and market conditions.

32. As discussed above and as set forth in the Declaration, Auction Advisors satisfies the disinterestedness standard of section 327(a) of the Bankruptcy Code. Additionally, given the numerous issues that Auction Advisors may be required to address in the performance of its services for the Trustee pursuant to the Auction Agreement, Auction Advisors commitment

to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Auction Advisors services for engagements of this nature, Auction Advisors believes that the terms and conditions of the Auction Agreement are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

33. The Trustee seeks to pay fees and reimburse expenses to Auction Advisors on the terms and at the times specified in the Auction Agreement, and the Trustee submits that Auction Advisors should not be required to file a fee application in these cases.

**B.    The Retention of Auction Advisors is Critical to the Trustee's Efforts**

34. The Trustee submit that the retention of Auction Advisors is in the best interests of all parties in interest in these cases.  Denial of the relief requested herein will deprive the Trustee of the assistance of an auctioneer that submitted the highest or otherwise best bid for the Debtors' tangible assets for a fixed cash minimum guarantee price that could yield additional proceeds if the auction is successful.  Having a highly-qualified and experienced auctioneer will benefit the estates by positioning the assets for realizing their highest value in an auction sale.

Notice

35. Notice of this Application shall be given to the following parties or their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) Toyota; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

36. No prior request for the relief sought herein has been made to this Court or any other court.

*[Remainder of page left blank]*

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated:  January 15, 2025          */s/ George L. Miller*
                                  George L. Miller
                                  Chapter 7 Trustee for the Estates of
                                  Polished.com, Inc., et al.