**Exhibit 1**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POLISHED.COM INC. *et al.*,[1] | ) | Case No. 24-10353 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: D.I. 142** |

### STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND MITSUBISHI HC CAPITAL AMERICA INC. REGARDING STAY RELIEF FOR RECOVERY OF VEHICLES

This stipulation (the "Stipulation") is made and entered into by and among George L. Miller, chapter 7 trustee (the "Trustee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and Mitsubishi HC Capital America Inc. ("MHCA" and together with the Trustee, the "Parties").

## RECITALS

WHEREAS, on March 7, 2024, each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Trustee was appointed as chapter 7 trustee in these cases on March 12, 2024 and is so qualified and acting.

WHEREAS, the Debtors own the following Hino trucks:

    2020 Hino 268A with 26' Box Body VIN #5PVNJ8JVXL5S79850
    2021 Hino 268A with 26' Box Body VIN #5PVNJ8AV1M5T50810
    2021 Hino 268A with 26' Box Body VIN #5PVNJ8AV7M5T51007
    2021 Hino 268A with 26' Box Body VIN #5PVNJ8AV3M5T51005
    2021 Hino L6 with 26' Box Body VIN #5PVNJ8AVXM5T51020
    2021 Hino L6 with 26' Box Body VIN #5PVNJ8AV6M5T50785
    2021 Hino L6 with 26' Box Body VIN #5PVNJ8AV5MT50874

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373).

(Each vehicle shall be separately referred to by the last 4 numbers of its VIN and all collectively as the "Vehicles")

WHEREAS, MHCA is a secured creditor of Debtor YF Logistics LLC and holds a perfected first lien with respect to the Vehicles.

WHEREAS, storage charges accrued, reducing the amount of the estates' (and MHCA's) prospective equity in : VIN 1020, VIN 1007 and VIN 0810.

WHEREAS, MHCA with the consent of the Trustee, paid the storage lienholders and took possession of the following vehicles: VIN 1020, VIN 1007 and VIN 0810 (the "<u>Recovered Vehicles</u>").

WHEREAS, MHCA filed its *Motion of Mitsubishi HC Capital America, Inc. for Relief from the Automatic Stay Pursuant to §362(d)(1) and For Waiver of Rule 4001(a)(3)* [D.I. 142] (the "<u>Stay Relief Motion</u>") as to all Vehicles.

WHEREAS, the Parties have negotiated this Stipulation in good faith and at arms' length to resolve the Stay Relief Motion.

WHEREAS, in consideration of the mutual covenants contained herein, it is stipulated and agreed among the Parties, subject to and conditioned upon approval of the Bankruptcy Court, as follows:

1. MHCA is hereby granted relief from the automatic stay to take all actions necessary as to the Recovered Vehicles.

2. The Trustee reserves all rights and claims with respect to any proceeds from the sale of the Recovered Vehicles that exceed the amount of any liens of MHCA on the Recovered Vehicles.

3. The automatic stay shall remain in place as to the remaining Vehicles and the parties agree that MHCA's motion for relief from stay should be carried to a hearing date to

be determined by the Parties or such date and time that the Court is available to hear MHCA's motion.

4. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of an admission on behalf of any party regarding any claim or right that such party may have against the other party.

5. The Parties represent and warrant to each other that the signatories to this Stipulation have the full power and authority to enter into this Stipulation.

6. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

7. This Stipulation may be executed in identical counterparts, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. The exchange of copies of this Stipulation and of signature pages by facsimile transmission or by other electronic transmission of a manual signature (by portable data format (PDF) or other method that enables the recipient to reproduce a copy of the manual signature) will constitute effective execution and delivery of this Stipulation as to the Parties and may be used in lieu of the original Stipulation for all purposes.

8. The Bankruptcy Court will retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation.

WHEREFORE, the undersigned have executed this Stipulation on behalf of the Parties hereto.

Dated:  February 3, 2025

| **PACHULSKI STANG ZIEHL & JONES LLP** | **MARGOLIS EDELSTEIN** |
|---|---|
| */s/ Colin R. Robinson* | */s/ James E. Huggett* |
| Colin R. Robinson (DE Bar No. 5524) | James E. Huggett, Esq. (DE Bar No. 3956) |
| 919 North Market Street, 17th Floor | 300 Delaware Avenue |
| P.O. Box 8705 | Wilmington, DE 19801 |
| Wilmington, DE 19899-8705 (Courier 19801) | Telephone:  (302) 888-1112 |
| Telephone:  (302) 652-4100 | Email: jhuggett@margolisedelstein.com |
| Facsimile:  (302) 652-4400 | |
| Email: crobinson@pszjlaw.com | *Counsel to Mitsubishi HC Capital America Inc.* |
| *Counsel to George L. Miller, Chapter 7 Trustee* | |