**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| POLISHED.COM INC., *et al.*,[1] | Case No. 24-10353 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 172** |

**CERTIFICATION OF COUNSEL SUBMITTING *PROPOSED* ORDER GRANTING MOTION OF ALYSSA COOK, INDIVIDUALLY AND AS NEXT FRIEND OF ISLA COOK (A MINOR), AND JUSTIN COOK FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

On March 25, 2025, Alyssa Cook, individually and as next friend of Isla Cook (a minor), and Justin Cook (the "Movants") filed the *Motion of Alyssa Cook, Individually and as Next Friend of Isla Cook (a Minor), and Justin Cook for Relief from the Automatic Stay Pursuant to Section 362(a) of the Bankruptcy Code* [Docket No. 172] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). A proposed order (the "Proposed Order") was attached to the Motion as Exhibit A. The deadline to file objections or otherwise respond to the Motion was established as April 8, 2025 at 4:00 p.m. (ET) (the "Objection Deadline").

Prior to the Objection Deadline, George L. Miller, the chapter 7 trustee (the "Trustee") for Polished.com Inc. and certain of its affiliates (collectively, the "Debtors") filed a limited objection [Docket No. 176] (the "Limited Objection") to the Motion. The Movants did not receive any other formal or informal responses or objections to the Motion.

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

On April 29, 2025, the Court held a hearing (the "Hearing") to consider the relief requested in the Motion. On the record at the Hearing, counsel to the Movants and counsel to the Trustee relayed that they had come to a consensual resolution on language to be included in a revised proposed form of order, which was to be subsequently filed under certification of counsel.

The Debtors have revised the Proposed Order (the "Revised Proposed Order"), which is attached hereto as **Exhibit A**, to reflect the parties' consensual resolution. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**. The undersigned certifies that the Revised Proposed Order has been shared with counsel to the Trustee, and the Trustee does not object to entry of the Revised Proposed Order.

Accordingly, the Movants respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or a hearing.

Dated: May 7, 2025
Wilmington, Delaware

*/s/ Timothy R. Powell*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Timothy R. Powell (No. 6894)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 576-3290
Email: tpowell@ycst.com

*Counsel for the Movants*

# EXHIBIT A

## Revised Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| POLISHED.COM INC., *et al.*,[1] | Case No. 24-10353 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 172** |

**ORDER GRANTING MOTION OF ALYSSA COOK, INDIVIDUALLY AND AS NEXT FRIEND OF ISLA COOK (A MINOR), AND JUSTIN COOK FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Upon consideration of the Motion[2] seeking entry of an order (this "Order") lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code so that Movants may pursue the Action and seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by Movants in connection with the Action from any Insurance Proceeds available under any of any of the Debtors' applicable Insurance Policies; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the proceedings on the Motion being core proceedings pursuant to 28 U.S.C. § 157(b); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C.

---

1 The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

2 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent set forth in this Order.

3. Movants may pursue the Action and seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by Movants in connection with the Action from any Insurance Proceeds available under any of any of the Debtors' applicable Insurance Policies; *provided* that Claim No. 40 filed by Movants shall still be entitled to its pro rata distribution, if any, in the Debtors' chapter 7 bankruptcy cases but shall be reduced to the extent of any payment made on Claim No. 40 from any Insurance Proceeds; *provided further* that the Trustee reserves his rights to seek expungement, disallowance, or estimation of Claim No. 40 at the appropriate time and subject to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

4. Nothing in this Order shall impair, modify, limit, or expand the rights and duties of Movants, the Trustee, the Debtors, and/or any of the Debtors' applicable insurance carriers under the Insurance Policies. Without limiting the foregoing, nothing herein shall affect or modify the obligations of any Debtor or any of the Debtors' applicable insurance carriers under applicable laws and regulations. Further, nothing in this Order: (i) alters, amends, or otherwise modifies the terms and conditions of any of the Insurance Policies or of any related agreements; (ii) relieves the Debtors of any of their obligations under any of the Insurance Policies and any related agreements; (iii) creates, permits, modifies, or limits any right of Movants to assert a direct right of action against any of the Debtors' applicable insurance carriers; (iv) precludes or limits, in any way, the rights of any of the Debtors' applicable insurance carriers to contest and/or litigate the existence,

primacy, and/or scope of available coverage under any of the Insurance Policies or to otherwise assert any defenses to coverage; *provided* that nothing in this Order shall afford any of the Debtors' insurance carriers with a defense to coverage that would not exist but for this Order; or (v) constitutes a determination or admission that coverage exists with respect to the Action or prejudices, in any way, the right of Movants or the Trustee to contest any denial of coverage.

5. Nothing herein is intended or shall be deemed to be a stipulation, agreement, warranty, or admission by the Trustee, the Debtors, or their estates that (i) the Debtors or their estates are liable to Movants for any amount, or (ii) any causes of action, claims, or damages alleged by Movants are covered in whole or in part under any of the Insurance Policies. For the avoidance of doubt, nothing herein is intended or shall be deemed to alter in any way the rights, duties, obligations, terms, conditions, or provisions under any of the Insurance Policies, and nothing herein is intended or shall be deemed to create a duty or obligation on the part of the Trustee, the Debtors, and their estates and any agents, attorneys, employees, or other representatives thereof to defend against any claims, causes of action, and damages asserted by Movants or to incur any costs in connection therewith.

6. Movants, the Trustee, the Debtors, and any of the applicable insurance carriers are authorized to take any action necessary or appropriate to implement the terms of this Order, without further order from this Court.

7. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order.

8. This Order shall become effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary.

# **EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| POLISHED.COM INC., *et al.*,[1] | Case No. 24-10353 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 172** |

**ORDER GRANTING MOTION OF ALYSSA COOK, INDIVIDUALLY AND AS NEXT FRIEND OF ISLA COOK (A MINOR), AND JUSTIN COOK FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Upon consideration of the Motion[2] seeking entry of an order (this "Order") lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code so that Movants may pursue the Action and seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by Movants in connection with the Action from any Insurance Proceeds available under any of any of the Debtors' applicable Insurance Policies; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the proceedings on the Motion being core proceedings pursuant to 28 U.S.C. § 157(b); and this Court having authority to enter a final order consistent with

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent set forth in this Order.

3. Movants may pursue the Action and seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by Movants in connection with the Action from any Insurance Proceeds available under any of any of the Debtors' applicable Insurance Policies; *provided* that Claim No. 40 filed by Movants shall still be entitled to its pro rata distribution, if any, in the Debtors' chapter 7 bankruptcy cases but shall be reduced to the extent of any payment made on Claim No. 40 from any Insurance Proceeds~~.~~; *provided further* that the Trustee reserves his rights to seek expungement, disallowance, or estimation of Claim No. 40 at the appropriate time and subject to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and other applicable law.

4. Nothing in this Order shall impair, modify, limit, or expand the rights and duties of Movants, the Trustee, the Debtors, and/or any of the Debtors' applicable insurance carriers under the Insurance Policies. Without limiting the foregoing, nothing herein shall affect or modify the obligations of any Debtor or any of the Debtors' applicable insurance carriers under applicable laws and regulations. Further, nothing in this Order: (i) alters, amends, or otherwise modifies the terms and conditions of any of the Insurance Policies or of any related agreements; (ii) relieves the Debtors of any of their obligations under any of the Insurance Policies and any

related agreements; (iii) creates, permits, modifies, or limits any right of Movants to assert a direct right of action against any of the Debtors' applicable insurance carriers; (iv) precludes or limits, in any way, the rights of any of the Debtors' applicable insurance carriers to contest and/or litigate the existence, primacy, and/or scope of available coverage under any of the Insurance Policies or to otherwise assert any defenses to coverage; *provided* that nothing in this Order shall afford any of the Debtors' insurance carriers with a defense to coverage that would not exist but for this Order; or (v) constitutes a determination or admission that coverage exists with respect to the Action or prejudices, in any way, the right of Movants or the Trustee to contest any denial of coverage.

5. Nothing herein is intended or shall be deemed to be a stipulation, agreement, warranty, or admission by the Trustee, the Debtors, or their estates that (i) the Debtors or their estates are liable to Movants for any amount, or (ii) any causes of action, claims, or damages alleged by Movants are covered in whole or in part under any of the Insurance Policies. For the avoidance of doubt, nothing herein is intended or shall be deemed to alter in any way the rights, duties, obligations, terms, conditions, or provisions under any of the Insurance Policies, and nothing herein is intended or shall be deemed to create a duty or obligation on the part of the Trustee, the Debtors, and their estates and any agents, attorneys, employees, or other representatives thereof to defend against any claims, causes of action, and damages asserted by Movants or to incur any costs in connection therewith.

6. Movants, the Trustee, the Debtors, and any of the applicable insurance carriers are authorized to take any action necessary or appropriate to implement the terms of this Order, without further order from this Court.

7. This Court shall retain jurisdiction to resolve any disputes arising from or related

to this Order.

8. This Order shall become effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary.