**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| POLISHED.COM INC., *et al.*,[1] | Case No. 24-10353 (TMH) |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE
AND CONTINENTAL INSURANCE COMPANY REGARDING PAYMENT OF
POST-PETITION PREMIUM AND RETROACTIVE CANCELLATION
OF DEBTORS' INSURANCE POLICIES**

Upon consideration of the Stipulation Between Chapter 7 Trustee and Continental Insurance Company (the "***Stipulation***")[2] by and among George L. Miller, chapter 7 trustee (the "***Trustee***") to the estates of the above-captioned debtors (collectively, the "***Debtors***") and Continental Insurance Company and their applicable North American insurance affiliates (individually or collectively, the "***CNA Insurance Companies***" or "***CNA***" and together with the Trustee, the "***Parties***"); this Court having reviewed the Stipulation; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Stipulation is approved.

2.      The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373).

[2] A copy of the Stipulation is attached hereto as **Exhibit 1**.

3.      The terms and provisions of the Stipulation shall be immediately effective and enforceable upon entry of this Order.

4.      This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order and the Stipulation.

## Exhibit 1

## Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| POLISHED.COM INC., *et al*.,[1] | Case No. 24-10353 (TMH) |
| Debtors. | (Jointly Administered) |

## STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND CONTINENTAL INSURANCE COMPANY REGARDING PAYMENT OF POST-PETITION PREMIUM AND RETROACTIVE CANCELLATION OF DEBTORS' INSURANCE POLICIES

This Stipulation (the "***Stipulation***") by and between George L. Miller, in his capacity as chapter 7 trustee (the "***Trustee***") of the estates of the above-captioned debtors (collectively, the "***Debtors***") and Continental Insurance Company and their applicable North American insurance affiliates (individually or collectively, the "***CNA Insurance Companies***" or "***CNA***" and together with the Trustee, the "***Parties***") is entered into by the referenced parties, and those parties hereby stipulate and agree as follows:

**WHEREAS**, on March 7, 2024 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***").

**WHEREAS**, the Trustee was appointed as chapter 7 trustee of the Debtors' Bankruptcy Estates on March 12, 2024, and is so qualified and acting [Docket No. 8].

**WHEREAS**, on June 27, 2024, the Bankruptcy Court entered an *Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Debtors' Assets; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances, and Other Interests Pursuant*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373).

1

*to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); and (III) Granting Related Relief* (the "**Sale Transaction**") [Docket No. 100].

      **WHEREAS**, prior to and after the Petition Date, CNA issued for the benefit of the Debtors (i) a certain general liability, employee benefits liability and auto liability policy for the policy period beginning on May 23, 2023 through May 23, 2024 (Policy No. CUE7039405703)(the "**GL Policy**"); (ii) a certain commercial business liability policy issued for the policy period beginning on May 23, 2023 through May 23, 2024 (Policy No. PMT7039405717)(the "**CL Policy** and together with the GL Policy, collectively, the "**Insurance Policies**").

      **WHEREAS**, at the request of the Trustee, CNA processed two post-petition extensions of coverage under the Insurance Policies, which were granted on June 12, 2024, and July 3, 2024. The policy period for both Insurance Policies was extended from May 23, 2024, to August 22, 2024.

      **WHEREAS,** under the Insurance Policies, Debtors were obligated to CNA for a gross premium in the amount of $376,423.00. The Debtors have not paid any of the post-petition premium, and the Insurance Policies are currently past due in the total amount of $376,423.00.

      **WHEREAS,** CNA has informed the Trustee that no claims have been reported under the Insurance Policies.

      **WHEREAS**, CNA contends, and the Trustee does not dispute, that CNA has an administrative expense claim against the Debtors under the Insurance Policies for premium and/or related obligations, allocable to the post-Petition Date period.

      **WHEREAS**,  the Trustee has determined in his business judgment that no further coverage was needed after June 30, 2024.

**WHEREAS**, the undersigned parties desire to cancel the Insurance Policies effective as of June 30, 2024, and to confirm that CNA shall have no liability under the Insurance Policies after that date.

**WHEREAS**, CNA filed a motion seeking allowance of an administrative expense claim for the amounts due under the Insurance Policies (the "***Motion***") [Docket No. 182].

**WHEREAS**, the undersigned parties seek the Court's approval of their proposed cancelation of the Insurance Policies effective as of June 30, 2024, with all accrued post-petition premium through that date in the total amount of $261,451.04 to be allowed as an administrative expense claim pursuant to section 503(b)(1) of the Bankruptcy Code and paid as and when other administrative expense claims of equal priority are paid, whether pursuant to the terms of this Stipulation, or in accordance with further order of the Court, and in any case on not worse or different terms than those provided to other administrative expense claims of equal priority.

**NOW, THEREFORE**, it is hereby stipulated and agreed by the undersigned parties, subject to approval of the Court, as follows:

1.      The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2.      The Insurance Policies are hereby cancelled effective as of June 30, 2024, and CNA shall have no liability under the Insurance Policies after that date. For the avoidance of doubt, the Trustee, on behalf of the Debtors' estates, waives and releases all rights and claims under the Insurance Policies accruing after June 30, 2024.

3.      CNA is allowed an administrative expense claim for all post-petition premium owed and unpaid under the Insurance Policies through June 30, 2024, in the total amount of $261,451.04 (the "***Allowed CNA Administrative Claim***").

4.    Any distribution on the Allowed CNA Administrative Claim will occur as and when other  administrative expense claims of equal priority receive a distribution in this proceeding, or as when otherwise authorized by the Bankruptcy Code or approved by order of this Court.

5.    The Motion shall be deemed resolved upon entry of an order approving this Stipulation, with CNA to have all of the rights and claims provided under this Stipulation and the order approving the same.

6.    The Court has jurisdiction to approve this Stipulation and enter the accompanying proposed order.

SO STIPULATED

By: _*/s/ Jonathan W. Young*_
    Jonathan W. Young

Dated:  July 24, 2025

*Attorney for Columbia Casualty Company*

By: _____
    George L. Miller
    Chapter 7 Trustee

4.      Any distribution on the Allowed CNA Administrative Claim will occur as and when other  administrative expense claims of equal priority receive a distribution in this proceeding, or as when otherwise authorized by the Bankruptcy Code or approved by order of this Court.

5.      The Motion shall be deemed resolved upon entry of an order approving this Stipulation, with CNA to have all of the rights and claims provided under this Stipulation and the order approving the same.

6.      The Court has jurisdiction to approve this Stipulation and enter the accompanying proposed order.

SO STIPULATED

By:_____
        Jonathan W. Young

Dated:  July 23 2025                    *Attorney for Columbia Casualty Company*

By:_____
        George L. Miller
        Chapter 7 Trustee

4