# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>            Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al*.,<br><br>            Plaintiff,<br><br>vs.<br><br>SOURCEBLUE LLC,<br><br>            Defendant. | Adv. Proc. No. 26-_____  (____) |

**COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED, UNJUST ENRICHMENT, AND TURNOVER OF ESTATE PROPERTY**

Plaintiff, George L. Miller, in his capacity as chapter 7 trustee (the "Plaintiff" or "Trustee"), for the estates of the above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), by and through his undersigned counsel, as and for his *Complaint for Breach of Contract, Account*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

4919-4304-3469.2 57099.00001

*Stated, Unjust Enrichment, and Turnover of Estate Property* (the "Complaint") against the above-captioned Defendant (the "Defendant"), alleges as follows:

## BACKGROUND

1. On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## THE PARTIES

2. George L. Miller is the appointed chapter 7 trustee in these cases [Docket No. 8]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute actions to recover property of the Debtors' estates.

3. Defendant SourceBlue LLC is a limited liability company formed under the laws of the State of Delaware with its principal office address at 250 Pehle Avenue, Suite 706, Saddle Brook, NJ 07663.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

5. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the

Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**BASIS FOR RELIEF REQUESTED**

8. This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and asserts claims of breach of contract, account stated, and unjust enrichment, and seeks restitution as damages. In the alternative, Plaintiff seeks immediate turnover of estate property under section 542 of the Bankruptcy Code to recover monies owed by the Defendant to the Plaintiff, on behalf of the Debtors' estates.

**FACTS**

9. Prior to the Petition Date, the Debtors operated an e-commerce platform that sold appliances, furniture, and home goods.

10. Prior to the Petition Date, the parties began a contractual relationship in which Defendant agreed to purchase and one or more of the Debtors agreed to sell certain products, goods, and/or supplies, pursuant to agreed terms and conditions (the "Contract"). The Debtors sold the products, goods, and/or supplies to Defendant pursuant to invoices or statements submitted by Debtors to Defendant, including but not limited to the unpaid invoices identified on **Exhibit A** attached hereto.

11. Throughout the parties' relationship, the Debtors supplied goods to Defendant pursuant to the Contract, and Defendant paid the Debtors therefor, with the exception of certain products, goods and/or supplies. Prior to the Petition Date, Defendant became indebted

to the Debtors for products, goods, and/or supplies sold and delivered pursuant to the Contract in the amount of $397,553.84 (the "Withheld Funds").

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

12. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

13. In accordance with the Contract, Defendant owes the Debtors not less than $397,553.84 in Withheld Funds.

14. Defendant have a contractual obligation to remit the Withheld Funds to the Debtors' estates in connection with the Contract.

15. Plaintiff properly demanded return of not less than $397,553.84 in Withheld Funds in accordance with the Contract.

16. As of the date of this filing, the Withheld Funds are owed to the Debtors' estates under the terms of the Contract.

17. The Debtors performed under the Contract in all material respects.

18. Defendant's failure to remit the Withheld Funds is a material breach of the Contract.

19. The Debtors' estates have been damaged by Defendant' breach and are entitled to damages to compensate the Debtors' estates for that breach.

20. As a result, Defendant owes the Trustee, on behalf of the Debtors' estates, an amount not less than $397,553.84.

21. The Trustee has an obligation under 11 U.S.C. § 704 to collect accounts receivable owed to the estates and, if the Withheld Funds remain unpaid, Plaintiff will continue

to suffer from Defendant's breach because it will deprive the estates of additional value that could be distributed to creditors under the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Account Stated)

22. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

23. If this Court finds that an award of damages under the breach of contract claim unwarranted, then Plaintiff claims account stated in the alternative.

24. The parties' performance under the Contract establishes a debtor-creditor relationship between the Debtors and Defendant because, prior to the Petition Date, the Debtors provided certain products, goods, and/or supplies to Defendant for the promise of payment in exchange, and, as a result Defendant is obligated to remit the Withheld Funds to Plaintiff.

25. Plaintiff has demanded that Defendant pay for the products, goods, and/or supplies that it purchased and received from the Debtors. Defendant has failed and refused to do so.

26. Defendant has not disputed the amounts demanded for the Withheld Funds.

27. Therefore, Defendant owes to Plaintiff an amount not less than $397,553.84.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

28. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

29. If this Court finds that an award of damages for breach of contract, or account stated claims is unwarranted, then Plaintiff claims unjust enrichment in the alternative.

30. Plaintiff justifiably relied on Defendant it they would remit the Withheld Funds to the Debtors' estates pursuant to the Contract.

31. By providing the certain products, goods and/or supplies, the Debtors conferred a benefit on Defendant.

32. By accepting certain products, goods and/or supplies from the Debtors, Defendant knew about the benefit it was accepting and its obligation to pay the Withheld Funds to the Debtors. It would be an injustice to permit Defendant to retain the benefit of retaining the Withheld Funds after receipt of certain products, goods and/or supplies without compensating the Debtors' estates.

33. As a result, Defendant owes Plaintiff an amount not less than $397,553.84.

**FOURTH CLAIM FOR RELIEF**
**(Turnover of Estate Property – 11 U.S.C. § 542(b))**

34. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

35. If this Court finds that an award of damages for breach of contract, account stated, or unjust enrichment is unwarranted, then Plaintiff seeks a declaratory judgment for turnover in the alternative.

36. Prior to the Petition Date, pursuant to the Contract, the Debtors contracted with Defendant for products, goods, and/or supplies sold and delivered pursuant to the Contract, which amount constitutes the Withheld Funds and has not been remitted to Plaintiff.

37. Defendant's obligation to pay the Withheld Funds to Plaintiff for the services described above is fixed, presently due, and owing; no further act, event, or condition precedent is required to trigger Defendant's duty to pay such amount.

38.     Plaintiff's claim to the Withheld Funds constitutes property of the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 541(a)(1) and the Withheld Funds are subject to administration for the benefit of creditors.

39.     Upon information and belief, the Withheld Funds are in possession, custody, and control of Defendant.

40.     The Withheld Funds are not of inconsequential value or benefit to the estate.

41.     The Withheld Funds are not subject to any valid right of setoff under 11 U.S.C. § 553.

42.     Defendant is thus required to turnover to Plaintiff the amount of not less than $397,553.84.

WHEREFORE, Plaintiff prays for judgment as follows:

a.     Awarding Plaintiff actual damages in the amount not less than $397,553.84 (plus reasonable interest as determined by this Court) to compensate the estate for any loss sustained;

b.     In the alternative, an order requiring immediate turnover of estate property held by Defendant in the amount of $397,553.84;

c.     An award of reasonable attorneys' fees and costs incurred in this action; and

d.     Granting Plaintiff such other relief as the Court deems appropriate under the circumstances.

|  |  |
|---|---|
| Dated: February 17, 2026 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Bradford J. Sandler*<br>Bradford J. Sandler (DE Bar No. 4142)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward A. Corma (DE Bar No. 6718)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email:  bsandler@pszjlaw.com<br>           pkeane@pszjlaw.com<br>           ecorma@pszjlaw.com<br><br>*Counsel to Plaintiff George L. Miller, Chapter 7 Trustee* |

# **<u>Exhibit A</u>**

4919-4304-3469.2 57099.00001

**1 Stop Electronics Center, Inc.**
**Bankruptcy Case #24-10354**
**Source Blue LLC**
**Exhibit A**

| Customer No. | Invoice Number | Inv. Date | Invoice Amount |
|---|---|---|---|
| 2369716 | 10970605 | 12/12/2022 | $ 7,468.79 |
| 2369716 | 11097403 | 1/12/2023 | $ 6,664.52 |
| 2369716 | 11117981 | 2/8/2023 | $ 21,722.32 |
| 2369716 | 11157621 | 2/8/2023 | $ 47,584.25 |
| 2369716 | 11190864 | 2/9/2023 | $ 12,720.00 |
| 2369716 | 11157851 | 2/9/2023 | $ 42,493.25 |
| 2369716 | 11157778 | 2/9/2023 | $ 35,007.25 |
| 2369716 | 11276231 | 3/7/2023 | $ 280.00 |
| 2369716 | 11276203 | 3/28/2023 | $ 1,482.08 |
| 2369716 | 11303792 | 3/30/2023 | $ 1,799.00 |
| 2369716 | 11343802 | 3/30/2023 | $ 80,819.81 |
| 2369716 | 11369123 | 4/7/2023 | $ 67,591.52 |
| 2369716 | 11423889 | 4/27/2023 | $ 28,530.80 |
| 2369716 | 11455707 | 5/31/2023 | $ 10,145.25 |
| 2369716 | 11517228 | 7/16/2023 | $ 2,737.35 |
| 1031142 | 10151854 | 6/20/2023 | $ 565.00 |
| 1031142 | 11398670 | 6/20/2023 | $ 20.00 |
| 2369716 | 4808055CO | 7/5/2023 | $ 13,253.75 |
| 2369716 | 11641800 | 7/31/2023 | $ 1,349.00 |
| 2369716 | 11659798 | 8/10/2023 | $ 5,416.00 |
| 2369716 | 11636032-1 | 8/10/2023 | $ 945.00 |
| 1031142 | 11261091 | 8/21/2023 | $ 113.90 |
| 2369716 | 11696442 | 8/31/2023 | $ 597.00 |
| 2369716 | 11739996 | 9/27/2023 | $ 4,999.00 |
| 2369716 | 11759523 | 11/16/2023 | $ 3,249.00 |
| | | **Totals** | **$ 397,553.84** |