

LOS ANGELES
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

NEW YORK
780 THIRD AVENUE, 34TH FL.
NEW YORK, NEW YORK 10017-2024
212.561.7700

WILMINGTON
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

HOUSTON
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

SAN FRANCISCO
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

Peter J. Keane

February 18, 2026

302.652.4100
pkeane@pszjlaw.com

<u>Via ECF Filing</u>

Judge Thomas M. Horan
United States Bankruptcy Court
District of Delaware
824 North Market Street
3rd Floor
Wilmington, DE 19801

    Re:    <u>Polished.com Inc., et al., Case No. 24-10353</u>
             <u>Discovery Conference Requested by DMI</u>

Dear Judge Horan:

    On behalf of George L. Miller, the appointed chapter 7 trustee (the "<u>Trustee</u>") for Polished.com Inc. and certain of its affiliates (collectively, the "<u>Debtors</u>"), we write in response to the Court's instruction for short letters with respect to the discovery conference requested by Dynamic Marketing Inc. ("<u>DMI</u>").

    On July 11, 2025, DMI filed the *Motion of Dynamic Marketing Inc. for Allowance and Payment of Administrative Expense Claim* [Docket No. 184] (the "Admin Claim Motion"). On July 17, 2025, the Trustee filed an objection [Docket No. 186] to the Admin Claim Motion. Thereafter, in connection with the Admin Claim Motion, DMI issued discovery to the Trustee. On October 3, 2025, DMI served interrogatories and document requests on the Trustee. *See* Docket No. 205. In response, on October 30, 2025, the Trustee provided written objections and responses and indicated that certain non-privileged responsive documents would be produced. *See* Docket No. 207

    Counsel to the Trustee and DMI have met and conferred regarding the scope of document production several times, and the parties discussed two general categories of document production: (a)

DE:4906-1496-4368.1 57099.00001



Page 2

email production, and (b) documentation related to incoming and outgoing funds to and from the estate. The parties also negotiated and submitted a confidentiality stipulation to govern discovery, which the Court approved. *See* Docket No. 217. With respect to the email production, DMI's initial document requests were extensively overbroad and prejudicial. Thereafter, DMI narrowed its email production request and provided search terms in mid-December 2025. With respect to documents related to incoming and outgoing funds to and from the estate, we suggested providing copies of the Form 2 for each Debtor's estate and copies of bank statements for the Trustee's estate accounts, and we are not aware of DMI objecting to this offer. The Trustee is willing to produce the above-noted categories documents; however, for the reasons set forth below, the Trustee asked DMI to provide time for newly-retained special counsel to get up to speed before proceeding further.

The Court should be aware that the estates have significant affirmative claims against DMI, including chapter 5 causes of action. The Debtors' relationship with DMI runs back several years, and there were tens of millions of dollars in payments made by the Debtors to DMI prepetition. DMI acted as wholesale purchaser and reseller of appliances and products to the Debtors and was also a sublandlord on two warehouse locations subleased by the Debtors. The parties' entanglement is complicated. Although the DMI Admin Claim Motion solely relates to its administrative expense claim as sublandlord, DMI knows there are significant and broader unresolved claims between the parties. Indeed, twice DMI has made global settlement offers to the Trustee (in June 2024 and a revised offer in July 2025) that would resolve all the claims by and between the Debtors' estates and DMI.[1]

Given the estates' significant affirmative claims against DMI, on January 8, 2026, the Trustee filed an application [Docket No. 225] (the "C&R Application") to retain Coren & Ress, P.C. ("C&R") as special counsel to investigate and pursue litigation claims against certain third parties, including DMI. On January 9, 2026, counsel to the Trustee emailed counsel to DMI and advised that the C&R Application had been filed and, given that the issues raised by the Admin Claim Motion are encompassed within other

---

[1] No global settlement discussions took place because the Trustee was still investigating estate claims against DMI.

DE:4906-1496-4368.1 57099.00001



Page 3

estate claims against DMI, (a) the C&R firm would be handling the Trustee's objection and further litigation on the Admin Claim Motion, and (b) C&R would need time to get up to speed before stepping in to take over litigation and further discovery on the Admin Claim Motion.

The two-year statutory deadline under section 546 for chapter 5 causes of action expires after March 7, 2026. Any litigation commenced against DMI will be filed on or before that deadline. The Trustee respectfully suggests that it makes most sense for C&R to finish its investigation of DMI and file any complaint against DMI asserting estate causes of action before proceeding further on discovery on the Admin Claim Motion. DMI will then have the benefit of reviewing that complaint and can discuss discovery issues related to the complaint and the Admin Claim Motion.

If the Court requests a discovery conference, the C&R firm will participate. Counsel is available at the Court's convenience.

Sincerely,

*/s/ Peter J. Keane*

Peter J. Keane

DE:4906-1496-4368.1 57099.00001