**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| POLISHED.COM INC., *et al.*, | Case No. 24-10353 (TMH) |
| Debtors.[1] | **Re: Docket No. 235** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO MOTION OF
1870 BATH AVE. LLC AND 7812 5TH AVE REALTY LLC FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

Dynamic Marking Inc. ("DMI") hereby submits this limited objection and reservation of rights (the "Limited Objection") to the *Motion of 1870 Bath Ave. LLC and 7812 5th Ave Realty LLC for Allowance and Payment of Administrative Expense Claims* [Docket No. 235] (the "Landlord Admin Motion") filed by 1870 Bath Ave. LLC and 7812 5th Ave Realty LLC (together, the "Brooklyn Landlords").  In support of this Limited Objection, DMI respectfully states as follows.

**LIMITED OBJECTION**

1.      The Landlord Admin Motion seeks allowance and payment of an administrative expense priority claim for unpaid rent and related obligations due and owing under two commercial leases with Joe's Appliances LLC and 1 Stop Electronics Center, Inc., respectively, for real property located in Brooklyn, New York.  According to the Landlord Admin Motion, the Brooklyn Landlords have not received any post-petition rent from March 2024 through the filing of the Landlord Admin Motion on February 10, 2026.  *See* Landlord Admin Motion ¶ 6.  The

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629);Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); SuperiorDeals Inc. (0096); and YF Logistics LLC (8373).

Brooklyn Landlords are purportedly owed $559,159.89 pursuant to the two leases, including (i) $43,694.79 for the lease with Joe's Appliances LLC and (ii) $515,465.10 for the lease with 1 Stop Electronics Center, Inc. *Id.*

2.      Although unclear, it appears that the Brooklyn Landlords are seeking payment of post-petition rent from March 2023 through February 2026. *See* Landlord Admin Motion ¶ 6. While the Brooklyn Landlord's leases were not rejected by the Chapter 7 Trustee, pursuant to section 365(d)(4)(A) of the Bankruptcy Code, an unexpired lease of non-residential real property under which the debtor is a lessee shall be deemed rejected if the trustee does not assume or reject the unexpired lease by the earlier of 120 days after the order for relief or the date of entry of an order confirming a plan. Accordingly, the Brooklyn Landlords' leases were deemed rejected no later than July 5, 2024.

3.      The Landlord Admin Motion seeks allowance and payment of an administrative expense priority claim in the amount of $559,159.89, but does not include a breakdown of the amount sought. The Brooklyn Landlords should be required to specify each lease obligation that is included in its administrative expense claim, including without limitation the particular months and amounts for any rent sought. To the extent that the Landlord Admin Motion seeks rent or other amounts after the July 5, 2024 rejection date, DMI hereby objects to the allowance and payment of such amounts.

4.      Upon information and belief, the two commercial leases with the Brooklyn Landlords were for showrooms that the Debtors used prior to the bankruptcy filing. After the chapter 7 filing, however, these showrooms provided no benefit to the estate as the Debtors had ceased operations. As such, the Chapter 7 Trustee should have immediately rejected the two Brooklyn leases, and his failure to do so caused the estate to incur hundreds of thousands of

dollars of unnecessary administrative expenses.  While the Chapter 7 Trustee allegedly has no funds available for distribution to administrative creditors, he did nothing to minimize the administrative expense burn in these cases to the detriment of true administrative creditors.

5.      On July 11, 2025, DMI filed a motion for allowance and payment of an administrative expense claim in the amount of $1,640,677.28 for post-petition rent and amounts due under two subleases with YF Logistics LLC and 1 Stop Electronics Center, Inc.[2] *See* Docket No. 184.  Unlike the Brooklyn showrooms, the Chapter 7 Trustee utilized the DMI warehouses to store inventory that was eventually sold for over $11 million.[3]  Accordingly, DMI objects to the payment of any administrative claim of the Brooklyn Landlords from the assets of the 1 Stop Electronics Center, Inc. estate unless and until the administrative claim of DMI (which was filed over seven months ago) is paid.

**WHEREFORE**, DMI objects to the relief sought in the Landlord Admin Motion and respectfully requests that any order entered by the Court address the concerns raised herein.

---

[2] The hearing on the administrative expense motion filed by DMI was adjourned by agreement of the parties and will be re-noticed once the Chapter 7 Trustee responds to outstanding discovery requests propounded by DMI.

While the Cabot sublease was executed by YF Logistics LLC, after the sublease expired, YF Logistics LLC and 1 Stop Electronics Center, Inc. became month-to-month tenants with 1 Stop Electronics Center, Inc. paying the rent.

[3] Upon information and belief, the sale proceeds belong to debtor 1 Stop Electronics Center, Inc. and are being held in that estate.

Dated:  February 27, 2026

**COLE SCHOTZ P.C.**

*/s/ Stacy L. Newman*
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117
Email:    snewman@coleschotz.com

*Counsel to Dynamic Marketing Inc.*