IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>                Plaintiff,<br><br>vs.<br><br>CRITEO, INC.,<br><br>                Defendant. | Adv. Proc. No. 26-_____ (____) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

        Plaintiff, George L. Miller, in his capacity as chapter 7 trustee (the "Plaintiff" or "Trustee"), for the estates of the above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), by and through his undersigned counsel, as and for his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the "Complaint") against the above-captioned defendant (the "Defendant"), alleges as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

4913-8549-3647.2 57099.00001

**BACKGROUND**

1. On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**THE PARTIES**

2. George L. Miller is the appointed chapter 7 trustee in these cases [Docket No. 8]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

3. Defendant Criteo, Inc. is a corporation formed under the laws of the State of Delaware with its principal office address at 387 Park Avenue South, 12th Floor, New York, NY 10016.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

5. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that

2

the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**BASIS FOR RELIEF REQUESTED**

8. This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.

**FACTS**

9. Prior to the Petition Date, the Debtors operated an e-commerce platform that sold appliances, furniture, and home goods.

10. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on **Exhibit A** attached hereto.

11. During the ninety (90) days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on **Exhibit A** attached hereto (collectively, the "Transfers"). **Exhibit A** sets forth the details of each of the Transfers, including the identity of the transferor Debtor, payment date, and payment amount. The aggregate amount of the Transfers is not less than $584,068.55.

12. Before filing this Complaint, pursuant to 11 U.S.C. § 547(b), Plaintiff conducted reasonable due diligence in the circumstances of the case and took into account

Defendant's known or reasonably knowable affirmative defenses, through the due diligence efforts identified below.  Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), as noted below, Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

13. Moreover, certain information related to potential affirmative defenses under 11 U.S.C. § 547 may only be in Defendant's possession, which Plaintiff is entitled to request during discovery.  Plaintiff is a post-bankruptcy appointed chapter 7 trustee who has no direct knowledge of, or involvement in, the prepetition affairs and business operations of Debtors that are at issue in the above-captioned adversary proceeding.  In addition, as a chapter 7 estate, the Debtors have terminated all of their former officers and employees who did have such involvement and/or knowledge.

14. Pursuant to 11 U.S.C. § 547(b), Plaintiff conducted reasonable due diligence in the circumstances of the case to consider reasonably knowable affirmative defenses available to Defendant.  As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to identify any invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code.  However, the subsequent new value defense is an affirmative defense for which Defendant bears the burden of proof under section 547(g).  Potential new value is dependent on, and may be subject to adjustment based on, review and confirming the accuracy of relevant documentation such as invoice dates, shipping dates for goods, and the actual dates of service for services.  The Defendant may possess similar evidence in its books and records of which Plaintiff is entitled to request during discovery.  Additionally, section 547(c)(4)(B) provides that any potential new value must not be paid for by "an otherwise unavoidable transfer."  Accordingly, Plaintiff puts

Defendant to its burden of proof to establish it is entitled to the subsequent new value affirmative defense.

15. In addition, as part of Plaintiff's reasonable due diligence in the circumstances of the case, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense. However, the subjective ordinary course of business defense is inherently factual, and payment history is only one factor. Other factors may include collection pressure or tightening of credit terms, among others. Certain information related to these factors may only be in Defendant's possession, which Plaintiff is entitled to request during discovery. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to the ordinary course of business affirmative defense.

16. On or about December 29, 2025, Plaintiff sent demand letters to various potential defendants for avoidance and recovery of possible preferential transfers, including the Defendant herein. The demand letter asserted the basis for Plaintiff's potential causes of action against Defendant based on Plaintiff's review and analysis of the Debtors' books and records in Plaintiff's possession, which analysis took into account Defendant's known or reasonably knowable affirmative defenses. The parties were unable to resolve Plaintiff's claims informally prior to the filing of this Complaint.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

17. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

18. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $584,068.55, as more specifically described in **Exhibit A**.

19. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

20. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

21. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

22. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

23. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

24. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

25. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

26. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property -- 11 U.S.C. § 550)**

27. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

28. As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

29. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

WHEREFORE, Plaintiff prays for judgment as follows:

a. For a determination that the Transfers are avoidable fraudulent transfers under 11 U.S.C. § 547, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b. Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

          c.        For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: March 2, 2026 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Bradford J. Sandler* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Peter J. Keane (DE Bar No. 5503) |
| | Edward A. Corma (DE Bar No. 6718) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:  bsandler@pszjlaw.com |
| |           pkeane@pszjlaw.com |
| |           ecorma@pszjlaw.com |
| | *Counsel to Plaintiff George L. Miller, Chapter 7 Trustee* |

# **<u>Exhibit A</u>**

4913-8549-3647.2 57099.00001

Polished.Com Inc. et al
Bankruptcy Case No. 24-10353
Exhibit A

| Transferor | Transferee | Transfer Date | Transfer Type | Transfer Amount |
|---|---|---|---|---|
| Appliances Connection | Criteo | 12/8/2023 | Wire | $ 169,456.71 |
| Appliances Connection | Criteo | 1/5/2024 | Wire | $ 210,968.91 |
| Appliances Connection | Criteo | 2/1/2024 | Wire | $ 78,616.05 |
| Appliances Connection | Criteo | 2/23/2024 | Wire | $ 125,026.88 |
| | | | | $ 584,068.55 |