# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| POLISHED.COM INC., *et al.*,[1] | ) Case No. 24-10353 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BDO USA, P.C., | ) |
| | ) |
| BENCO, INC., | ) |
| | ) |
| CERTIFIED GENERAL CONTRACTORS, INC., | ) |
| | ) |
| DSA FINANCE CORP., | ) |
| | ) |
| PLAZA CONSTRUCTION LLC, | ) |
| | ) |
| MICHAEL BILENKIS. | ) |
| | ) |
| Defendants. | ) **Ref. Dkt. No. 370** |

### ORDER GRANTING FIRST OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS (ACCOUNTS RECEIVABLE AND PREFERENCES)

Upon consideration of the *First Omnibus Motion of George L. Miller, Chapter 7*

*Trustee, to Approve Settlement Agreements (Accounts Receivable and Preferences)* (the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

"Motion")[2] of George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to approve the settlement agreements (the "Settlement Agreements") between the Trustee and (a) BDO USA, P.C. ("BDO"); (b) Benco Inc. ("Benco"); (c) Certified General Contractors Inc. ("CGC"); (d) DSA Finance Corp. ("DSA"); (e) Plaza Construction LLC ("Plaza"); and (f) Michael Bilenkis ("Bilenkis") (the above collectively referred to herein as the "Defendants"); copies of Settlement Agreements are attached hereto as Exhibits 1 and 6; the Court having reviewed the Motion and the Settlement Agreements and having considered the record with respect to the Motion; the Court having found that (a) the district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution**,** (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreements (i) are the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) are fair, reasonable, appropriate and in the best interests of the Debtors' estates and (iii) represent a sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreements provided sufficient consideration for the transactions contemplated by the Settlement Agreements; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

2

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The terms of the Settlement Agreements attached hereto as Exhibits 1 through 6 are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3.      The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreements.

4.      Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5.      The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreements or this Order.

**Dated: March 27th, 2026**
**Wilmington, Delaware**

THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE

3

4903-4776-7195.1 57099.00001