## <u>EXHIBIT 7</u>

## Clinton Management, LLC

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between George L. Miller, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Polished.com Inc., et al. (the "Debtors"),[1] and not in any individual capacity, on the one hand, and Clinton Management, LLC (the "Company"), on the other hand. Company and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

### Background

WHEREAS, on or about March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) under Case No. 24-10353 (TMH) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on March 12, 2024, George L. Miller was appointed as the chapter 7 trustee; and

WHEREAS, the Debtors and Company had a business relationship prior to the Petition Date; and

WHEREAS, the Debtors' records reflect that prior to the Petition Date, the Company became indebted to Debtors for products, goods, and services, in the total amount of $67,121.75 (the "Withheld Funds"); and

WHEREAS, on February 19, 2026, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court captioned *George L. Miller in*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

*his capacity as Chapter 7 Trustee of Polished.com, Inc., et al. v. Clinton Management, LLC,* Adv. Pro. N. 26-50114 (TMH) in which the Trustee sought to recover the Withheld Funds; and

WHEREAS, the Parties have engaged in good faith, arms' length negotiations to resolve the matter; and

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1.  **Recitals.**  The recitals set forth above are incorporated herein by reference.

2.  **Settlement Amount**.  Company shall pay to the Trustee the sum of $34,363.00 (the "Settlement Payment") within five (5) business days from the entry of an order by the Court approving this Settlement Agreement.  The Settlement Payment will be made in accordance with wire instructions to be provided by the Trustee or by check made out as follows: "George L. Miller, Chapter 7 Trustee, Polished.com Inc., et al." and addressed to: Miller Coffey Tate LLP, 1628 John F Kennedy Blvd # 950, Philadelphia, PA 19103.

3.  **Dismissal of Adversary Proceeding.**  Within five (5) business days of the Trustee's receipt of the Settlement Payment, the Trustee shall file with the Bankruptcy Court a notice of dismissal of the Adversary Proceeding with prejudice and with each Party to bear its own costs (the "Notice of Dismissal").

4.  **Settlement Effective Date.**  The effective date of this Settlement Agreement and all of its terms shall be the later of (i) execution by all Parties, (ii) payment of the Settlement Payment, (iii) entry of a final order of the Bankruptcy Court approving the Settlement Agreement ; and (iv) the Trustee's filing in the Bankruptcy Court of the Notice of Dismissal (the "Settlement Effective Date").

5. **Trustee's Limited Release.** Effective on the Settlement Effective Date, the Trustee, solely on behalf of the Debtors and the Debtors' estates in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Company, its directors, employees, officers, agents, representatives and the successors and assigns of any of them (collectively, the "Company Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Company Releasees, in connection with the Withheld Funds, and/or any prepetition amounts alleged to be due and owing by the Company to the Debtors.

6. **Company's Limited Release.** Effective on the Settlement Effective Date, the Company Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Company

Releasees has, had, may have, or may claim to have against any of the Trustee Releasees in connection with the Withheld Funds, and/or any prepetition amounts alleged to be due and owing by the Company to the Debtors.

7. **Bankruptcy Court Approval.** Following the Parties' execution of this Agreement, the Trustee shall move for approval of this Agreement by the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure 9019 (the "Approval Motion"). Until and unless the Bankruptcy Court enters an order of approval, this Agreement shall have no binding effect. In the event an order approving this Agreement does not become final, each of the Parties shall not be prejudiced but returned to their position status quo ante.

8. **No Admissions.** This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Withheld Funds.

9. **Expenses.** The Parties shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Withheld Funds, the Adversary Proceeding, and this Settlement Agreement.

10. **Severability.** The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

11. **Miscellaneous.**

(a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or

received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b)   Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c)   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d)   This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(e)   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f)   The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(g)   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented

to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(h)    In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(i)    The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(j)    This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

(k)    This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(l)    The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

4923-0540-3045.3 57099.00001

6

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated: April 29, 2026

George L. Miller, solely in his capacity as Chapter 7 Trustee of Polished.com Inc., et al.

By: _George L. Miller (signature)_
George L. Miller, Trustee

Dated: April ___, 2026

CLINTON MANAGEMENT, LLC

By:_ Ron Luft (signature) _
Name:  Ron Luft
Title:  Vice President Facilities

4923-0540-3045.3 57099.00001

7