**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al*.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 384, 389** |

**REPLY OF DYNAMIC MARKETING INC. IN SUPPORT OF
MOTION FOR REASONABLE EXPENSES AND ATTORNEYS' FEES
PURSUANT TO FEDERAL RULE 37**

Dynamic Marketing Inc. ("DMI"), by and through its undersigned counsel, hereby files this reply (the "Reply") in support of the *Motion of Dynamic Marketing Inc. for Reasonable Expenses and Attorneys' Fees Pursuant to Federal Rule 37* [Docket No. 384] (the "Fee Motion") and in response to the *Chapter 7 Trustee's Objection to Motion of Dynamic Marketing Inc. for Reasonable Expenses and Attorneys' Fees Pursuant to Federal Rule 37* [Docket No. 389] (the "Objection") filed by George L. Miller, chapter 7 Trustee (the "Trustee"). In support of the Reply, DMI states as follows.

**REPLY**

The Trustee concedes that DMI is entitled to payment of the fees and expenses sought in the Fee Motion, but objects to immediate payment thereof. According to the Trustee, immediate payment would elevate such fees to superiority administrative claim status above other administrative claims in violation of the mandatory priority scheme in the Bankruptcy Code. Objection ¶ 10. The Trustee acknowledges that "whenever the estate lacks sufficient funds to

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

pay *every* creditor within a given tier in full, *all* creditors at that tier receive equal, proportional treatment – *no single creditor within the same class may be preferred over another.*" *Id.* ¶ 12 (emphasis added). DMI agrees. However, despite paying lip service to the Bankruptcy Code, the Trustee has preferred (and paid) other administrative creditors in this case, or has agreed to such payments.[2] While the Objection identifies the administrative creditors that have not been paid, it fails to mention the administrative creditors that have been paid. *Id.* ¶ 15. By way of example, the Trustee has paid post-petition rent to one of the Debtors' landlords. *See* Docket Nos. 105, 107 (agreed order required the Trustee to pay Westgate 200 LLC all rent installments for April, May and June 2024 totaling $130,576.99 no later than July 31, 2024); *see also* Exhibit B (TriState Capital Bank Statement for Polished.com for August 1, 2024 through August 31, 2024). The Trustee has also made recurring payments to Hill Archives in the aggregate amount of at least $610,787.61 for, upon information and belief, moving and storing assets of the Debtors. As set forth in the bank statements attached hereto as **Exhibits B, C and D**, the Trustee has paid the following administrative claims, or has agreed to such payments:

| Date | Debtor | Recipient | Amount |
|---|---|---|---|
| June 17, 2024 | Polished.com | Hill Archive | $22,695.57 (Check No. ███) |
| June 17, 2024 | Polished.com | Hill Archive | $10,587.86 (Check No. ███) |
| June 17, 2024 | Polished.com | Hill Archive | $26,901.49 (Check No. ███) |
| July 18, 2024 | Polished.com | Hill Archive | $28,051.70 (Check No. ███) |
| July 18, 2024 | Polished.com | Hill Archive | $15,247.38 (Check No. ███) |
| July 29, 2024 | Polished.com | Westgate 200 LLC | $130,576.99 (Check No. ███) |
| August 16, 2024 | Polished.com | Hill Archive | $27,247.22 |

---

[2] It is unclear from the bank statements whether these payments were made from unencumbered funds or from Bank of America's collateral.

67466/0001-53003523v1

| | | | |
|---|---|---|---|
| | | | (Check No. ■ |
| September 16, 2024 | Polished.com | Hill Archive | $25,099.50 (Check No. ■ |
| October 7, 2024 | Polished.com | Hill Archive | $5,456.44 (Check No. ■ |
| October 18, 2024 | Polished.com | Hill Archive | $26,717.03 (Check No. ■ |
| November 18, 2024 | Polished.com | Hill Archive | $26,535.50 (Check No. ■ |
| December 19, 2024 | Polished.com | Hill Archive | $26,450.89 (Check No. ■ |
| January 24, 2025 | Polished.com | Hill Archive | $26,450.89 (Check No. ■ |
| February 24, 2025 | Polished.com | Hill Archive | $30,188.07 (Check No. ■ |
| March 17, 2025 | Polished.com | Hill Archive | $26,450.89 (Check No. ■ |
| April 21, 2025 | Polished.com | Hill Archive | $26,450.89 (Check No. ■ |
| May 19, 2025 | Polished.com | Hill Archive | $26,450.89 (Check No. ■ |
| June 20, 2025 | Polished.com | Hill Archive | $26,450.89 (Check No. ■ |
| July 21, 2025 | Polished.com | Hill Archive | $26,450.89 (Check No. ■ |
| August 27, 2025 | Polished.com | Hill Archive | $20,192.00 (Check No. ■ |
| September 16, 2025 | Polished.com | Hill Archive | $1,492.11 (Check No. ■ |
| October 16, 2025 | Polished.com | Hill Archive | $1,287.39 (Check No. ■ |
| November 17, 2025 | Polished.com | Hill Archive | $1,287.39 (Check No. ■ |
| December 18, 2025 | Polished.com | Hill Archive | $1,287.39 (Check No. ■ |
| January 28, 2026 | Polished.com | Hill Archive | $1,287.39 (Check No. ■ |
| February 24, 2026 | Polished.com | Hill Archive | $2,934.75 (Check No. ■ |
| March 19, 2026 | Polished.com | Hill Archive | $1,948.47 (Check No. ■ |
| May 20, 2024 | 1 Stop Electronics Center, Inc. | Hill Archive | $57,177.65 (Check No. ■ |
| May 20, 2024 | 1 Stop Electronics Center, Inc. | Hill Archive | $14,415.70 (Check No. ■ |
| May 20, 2024 | 1 Stop Electronics | Hill Archive | $2,244.46 |

3

67466/0001-53003523v1

| | Center, Inc. | | (Check No. ▇▇▇ |
| May 20, 2024 | Appliances Connection Inc. | Hill Archive | $57,177.66 (Check No. ▇▇▇ |
| May 20, 2024 | Appliances Connection Inc. | Hill Archive | $18,171.26 (Check No. ▇▇▇ |

Given that the Trustee has paid other administrative creditors in these cases, or has agreed to such payments, its argument that it cannot pay the amounts sought in the Fee Motion without violating the priority scheme in the Bankruptcy Code falls flat.

Additionally, the Trustee submits that it cannot comply with an order requiring immediate payment because the 1 Stop and YF Logistic estates do not have available unencumbered funds to make distributions to all allowed administrative expense claims.[3] Objection ¶ 16. While the two debtor estates subject to the administrative obligations in DMI's Admin Claim Motion are 1 Stop and YF Logistics (i.e., the debtor parties to the subleases with DMI), the Fee Motion does not seek payment of DMI's administrative claim. Indeed, Rule 37 requires "the party . . . whose conduct necessitated the motion" – i.e, the Trustee – to pay the fees sought in the Fee Motion. FED. R. CIV. P. 37(a)(5)(A).[4] Accordingly, the fees sought in the Fee Motion should be payable from any unencumbered funds available to the Trustee (regardless of

---

[3] The Trustee relies heavily on the Sharing Agreement Stipulation in support of his argument that he lacks available unencumbered funds. *See* Objection ¶¶ 6-8, 17. Notably, the Sharing Agreement Stipulation – which included a 506(c) waiver – was filed under certification of counsel with no notice or opportunity for creditors to object. *See* Docket No. 64. In other words, the Trustee waived his right to surcharge the Prepetition Collateral, the vast majority (if not all) of which was stored at DMI's warehouses, while at the same time ignoring the Trustee's obligations under sections 365(d)(3) and 503(b) of the Bankruptcy Code to pay post-petition rent to DMI, all without notice to DMI.

Putting that aside, the Sharing Agreement Stipulation memorialized Bank of America's consent to the Trustee's use of Cash Collateral to preserve the Prepetition Collateral and included a carveout for "[t]he actual and reasonable costs and expenses for the removal and storage of any Prepetition Collateral located in the warehouse facility located at 400 Cabot Drive, Hamilton, New Jersey 08690 in an amount not to exceed $100,000" and "[t]o the extent deemed necessary and agreed upon by the Trustee and the Prepetition Lenders, the actual and reasonable costs and expenses for the removal and storage of any Prepetition Collateral located in the warehouse facility located at 1369 Lamberton Road, Hamilton, New Jersey." *Id.* ¶ 8. However, DMI has not received any payment for the reasonable costs and expenses for the storage of the Prepetition Collateral located at the Cabot and Hamilton warehouses.

[4] Rule 37 permits the Court to require "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both" to pay the fees sought in the Fee Motion. FED. R. CIV. P. 37(a)(5)(A).

67466/0001-53003523v1

the debtor estate), and the Trustee should not be permitted to escape his obligations under Rule 37 by creating a shell game with the debtors and their estates.    As set forth above, it is undisputed that the Trustee has paid other administrative creditors, or has agreed to such payments, including administrative creditors of the 1 Stop estate.    *See* Exhibit C (TriState Capital Bank Statement for 1 Stop Electronics Center, Inc. for May 1, 2024 through May 31, 2024).    The Trustee should not be allowed to now claim poverty in the face of the Fee Motion.    The Trustee has sold assets in these cases that have garnered millions of dollars, including a sale of certain of the Debtors' assets for over $11.4 million,[5] for which the Debtors' estates received 10% of the net proceeds to be distributed to creditors in accordance with the Bankruptcy Code (with the other 90% of the proceeds paid to Bank of America).    *See* Objection ¶ 8; *see also* Docket No. 100.    Accordingly, the Trustee should have (or have had) sufficient funds to comply with an order requiring immediate payment.[6]    Otherwise, all administrative creditors that have received

---

[5] On October 3, 2025, DMI propounded discovery requests on the Trustee regarding, among other things, the sale proceeds received by the estate and any disbursements of such proceeds. *See* Docket No. 205. Notwithstanding that the Court directed the Trustee to provide responsive information no later than February 23, 2026, DMI still does not know the amount of sale proceeds received and disbursed by the Trustee (and to whom) and whether there are any sale proceeds remaining in the estate.

According to the Trustee's books and records, the Trustee deposited the $11.4 million sale proceeds into a Polished.com bank account. *See* Exhibit B (TriState Capital Bank Statement for Polished.com for June 1, 2024 through June 20, 2024). The purchased assets consisted of inventory stored in DMI's warehouses (most of which DMI had previously sold to 1 Stop) and certain intellectual property. According to the schedules and statements filed by the Debtors, Polished.com did not own any inventory. *See* Docket No. 2 (24-10353). In contrast, the schedules and statements of 1 Stop list product inventory valued at $20.4 million and inventory in transit valued at $3.9 million. *See* Docket No. 2 (Case No. 24-10354). Yet the Trustee allocated the proceeds from the sale of 1 Stop's assets to the Polished.com estate. Since these estates have not been substantively consolidated, the sale proceeds should be allocated to the 1 Stop estate and available to creditors of 1 Stop, such as DMI.

[6] According to the Trustee's books and records, the Polished.com bank account at Western Alliance had an ending balance of ▮▮▮▮▮▮ as of March 31, 2026. *See* Exhibit B (Western Alliance Bank Statement for Polished.com for March 1, 2026 through March 31, 2026). DMI has requested, but not yet received, bank statements for April 2026. In addition, the Trustee has recently received (or will receive) proceeds from settling certain adversary proceedings. *See* Docket Nos. 383, 391.

5

payments should be required to disgorge such payments received until all administrative claims can be paid, as suggested by the Trustee. *See* Objection ¶¶ 4, 22.[7]

Lastly, the Fee Motion filed by DMI sought an award in the total amount of no less than $31,770.50 for fees and expenses related to its good faith efforts in obtaining discovery from the Trustee, which amount did not include post-March 31, 2026 fees and expenses incurred in connection with finalizing and filing the Fee Motion, reviewing the Trustee's Objection, drafting and filing this Reply or preparing for and attending the hearing on the Fee Motion. As set forth in the supplemental declaration of David Bass attached hereto as **Exhibit A**, DMI has incurred an additional $16,987.50 in April 2026. Accordingly, DMI seeks an award in the total amount of no less than $48,758.00 related to its good faith efforts in obtaining discovery from the Trustee.[8]

For the reasons set forth herein and in the Fee Motion, DMI respectfully requests that the Court grant the Fee Motion and order the Trustee to immediately pay no less than $48,758.00 or alternatively, require administrative creditors to disgorge all amounts previously received until there are sufficient funds available to pay the fees sought in the Fee Motion and all other administrative claims.

---

[7] To the extent the Court orders immediate payment, the Trustee requests that the order granting the Fee Motion require such payment to be disgorged in the event there are insufficient funds available to pay all administrative creditors. *See* Objection ¶¶ 4, 22. DMI agrees with this concept and requests that all administrative creditors that have received payment in these cases be subject to disgorgement until there are sufficient funds available to pay all administrative creditors. *Cf. In re Muma Services Inc.*, 279 B.R. 478, 491-92 n.5 (Bankr. D. Del. 2002) (ordering immediate payment of equipment lessor's administrative claim and "direct[ing] [the debtor] not to pay any of its professionals until the [lessor's] administrative claim is paid in full" given its "limited access to free cash").

[8] DMI reserves the right to update this amount for any post-April 30, 2026 fees and expenses.

6

Dated: May 21, 2026

**COLE SCHOTZ P.C.**

*/s/ Stacy L. Newman*
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email:  snewman@coleschotz.com

*Counsel to Dynamic Marketing Inc.*

7

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al*.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF DAVID M. BASS, ESQ. IN SUPPORT
OF MOTION OF DYNAMIC MARKING INC. FOR REASONABLE EXPENSES
AND ATTORNEYS' FEES PURSUANT TO FEDERAL RULE 37**

I, David M. Bass, Esq., hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a Member of the law firm of Cole Schotz P.C. ("Cole Schotz" or the "Firm"). I am a member in good standing of the Bars of the States of New Jersey and New York, the U.S. District Courts for the District of New Jersey and the Southern and Eastern Districts of New York and the U.S. Court of Appeals for the Third Circuit.  I regularly work on and appear in cases in the United States Bankruptcy Court for the District of Delaware.  Every matter set forth herein is based on my personal knowledge and/or my review, or the review of work performed by my colleagues at Cole Schotz with whom I consulted, of relevant documents.

2.      On April 8, 2026, I submitted a declaration (the "Original Declaration") in support of the *Motion of Dynamic Marking Inc. for Reasonable Expenses and Attorney's Fees Pursuant to Federal Rule 37* [Docket No. 384] (the "Fee Motion") filed by Dynamic Marketing Inc. ("DMI") seeking an award in the total amount of no less than $31,770.50 for fees and expenses related to

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

its good faith efforts in obtaining discovery from the Trustee.[2]   My Original Declaration was attached as Exhibit E to the Fee Motion.

3.       In connection with the Fee Motion and reply in support thereof, I submit this supplemental declaration (the "Supplemental Declaration") regarding fees and expenses billed by Cole Schotz in April 2026.

4.       Attached hereto as **Exhibit 1** is a true and correct copy of the billing statement provided to DMI for time billed in this matter from April 1, 2026 through April 30, 2026.  The time entries are recorded by each professional contemporaneously with the services performed and are maintained through the Firm's computerized billing system.

5.       I have reviewed the time entries in **Exhibit 1** and determined that certain entries, or partial entries, are privileged and/or unrelated to the discovery related fees sought in the Fee Motion.  These privileged and/or irrelevant time entries have been redacted from **Exhibit 1**.  For the partial entries that include tasks unrelated to the fees sought in the Fee Motion, I have made a good faith reduction to the total time billed to conservatively estimate the time spent on tasks that are compensable pursuant to the Fee Motion.  The partial time entries for which I reduced the hours and corresponding billed amount are set forth below and highlighted in yellow in **Exhibit 2**:

| Date | Professional | Billed Hours / Amounts | Compensable Hours / Amounts |
|---|---|---|---|
| 04/05/2026 | SLN | 1.10 / $962.50 | 0.6 / $525.00 |
| 04/07/2026 | SLN | 1.10 / $962.50 | 0.5 / $437.50 |
| 04/24/2026 | SLN | 2.20 / $1,925.00 | 1.6 / $1,400.00 |
| 04/24/2026 | DMB | 0.90 / $1,125.00 | 0.70 / $875.00 |
| 04/27/2026 | SLN | 1.20 / $1,050.00 | 0.3 / $262.50 |

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Fee Motion.

2

6.      Based on my review of the billing statement, as set forth on **Exhibits 1 and 2** attached hereto, 19.8 hours in the amount of $16,987.50 are related to the Fee Motion.

7.      In total, DMI seeks no less than $48,758.00 for fees and expenses related to its good faith efforts in obtaining discovery from the Trustee.  This amount does not include post-April 30, 2026 time spent finalizing and filing the reply and preparing for and attending a hearing on the Fee Motion.  I will file an amended declaration to include these amounts and corresponding billing statements after the hearing on the Fee Motion.

8.      I believe that the fees and expenses sought in the Fee Motion, including the number of hours spent and the hourly fees charged by the Firm, are reasonable.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Dated: May 21, 2026                          */s/ David M. Bass*
                                             David M. Bass, Esq.

3

# **Exhibit 1**

# 100 YEARS COLE SCHOTZ P.C.

Cole Schotz P.C.
**Court Plaza North**
**25 Main Street**
**Hackensack, NJ 07601**

**FEDERAL ID# 22-2113414**

**NJ — NY — DE — MD — DC — FL — TX**

DYNAMIC MARKETING INC.
2297 NJ-33, SUITE 901
HAMILTON TOWNSHIP, NJ 08690

| | |
|---|---|
| Invoice Date: | May 2, 2026 |
| Invoice Number: | 1034970 |
| Matter Number: | 67466-0001 |

**Re:** BANKRUPTCY

FOR PROFESSIONAL SERVICES THROUGH APRIL 30, 2026

| DATE | INITIALS | Description | HOURS | AMOUNT |
|---|---|---|---|---|
| ███████ | | ████████████████████ | █ | ██ |
| ███████ | | ████████████████████ | █ | ██ |
| 04/05/26 | SLN | ██████████ REVISE FEE MOTION, BASS DECLARATION AND EXHIBITS; CORRESPONDENCE WITH D. BASS; | 1.10 | 962.50 |
| 04/06/26 | SLN | REVISIONS TO FEE MOTION, BASS DECLARATION AND EXHIBITS; CORRESPONDENCE WITH D. BASS; | 0.40 | 350.00 |
| 04/06/26 | DMB | WORK ON FEE MOTION, INCLUDING EMAILS WITH S. NEWMAN RE: SAME | 0.40 | 500.00 |
| 04/07/26 | SLN | FINALIZE FEE MOTION, BASS DECLARATION AND EXHIBITS THERETO; ████████████ CORRESPONDENCE WITH D. BASS AND CLIENT REGARDING FEE MOTION ████████████ | 1.10 | 962.50 |
| ███████ | | ████████████████████ | █ | ██ |
| 04/07/26 | DMB | WORK TO FINALIZE FEE MOTION, SUPPORTING DECLARATION, EXHIBITS AND EMAILS WITH S. NEWMAN AND CLIENT RE: SAME | 0.50 | 625.00 |
| 04/07/26 | PVR | EMAIL FROM AND TO S. NEWMAN AND DRAFT NOTICE OF RULE 37 MOTION | 0.60 | 255.00 |
| ███████ | | ████████████████████ | █ | ██ |
| 04/08/26 | PVR | UPDATE CASE CALENDAR RE: APRIL 29 HEARING AND APRIL 22 OBJ. DEADLINE RE: RULE 37 FEE MOTION | 0.10 | 42.50 |
| 04/08/26 | PVR | EMAIL TO J. WELFER RE: FILED RULE 37 FEE MOTION | 0.10 | 42.50 |
| 04/08/26 | PVR | EMAIL FROM AND TO S. NEWMAN AND EFILE RULE 37 FEE MOTION | 0.30 | 127.50 |

**COLE SCHOTZ P.C.**

| Re: | BANKRUPTCY | Invoice Number 1034970 |
| | Client/Matter No. 67466-0001 | May 2, 2026 |
| | | Page 2 |

| DATE | INITIALS | Description | HOURS | AMOUNT |
|------|----------|-------------|-------|--------|
| 04/08/26 | PVR | EMAIL FROM AND TO S. NEWMAN AND REVIEW, REVISE AND PREPARE RULE 37 MOTION, NOTICE OF MOTION, EXHIBIT A – PROPOSED ORDER, EXHIBIT B – TRUSTEE WRITTEN RESPONSES, EXHIBIT C – EMAIL CORRESPONDENCE, EXHIBIT D - EMAIL CORRESPONDENCE AND EXHIBIT E – BASS DECLARATION WITH EXHIBITS 1 AND 2 FOR FILING | 0.60 | 255.00 |
| ███ | | ███ | █ | █ |
| 04/09/26 | PVR | EMAIL FROM S. NEWMAN AND UPDATE CASE CALENDAR RE: OUR REPLY DEADLINE ISO RULE 37 FEE MOTION | 0.10 | 42.50 |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| ███ | | ███ | █ | █ |
| 04/21/26 | PVR | REVIEW DOCKET AND UPDATE CASE CALENDAR RE: JUNE 23 HEARING | 0.10 | 42.50 |
| ███ | | ███ | █ | █ |
| 04/22/26 | JF | EMAILS WITH D. BASS AND S. NEWMAN RE: RULE 37 PAYMENT ISSUES (0.1); ANALYZE STATUTES AND CASE LAW RE: SAME (1.8) | 1.90 | 1,292.00 |
| 04/22/26 | SLN | REVIEW TRUSTEE'S OBJECTION TO FEE MOTION; CORRESPONDENCE WITH D. BASS; EMAIL TO CLIENT; DRAFT REPLY ISO FEE MOTION, INCLUDING REVIEW OF BANK STATEMENTS FOR RECEIPTS AND DISBURSEMENTS; | 3.80 | 3,325.00 |
| 04/22/26 | DMB | REVIEW TRUSTEE'S RESPONSE TO FEE REQUEST AND EMAILS WITH S NEWMAN RE REPLY AND RELATED ISSUES | 0.60 | 750.00 |
| 04/22/26 | PVR | EMAIL FROM AND TO S. NEWMAN AND RETRIEVE AND REVIEW CH 7 TRUSTEE OBJECTION TO DMI ATTORNEYS' FEES MOTION | 0.30 | 127.50 |

**COLE SCHOTZ P.C.**

Re:  BANKRUPTCY                                          Invoice Number  1034970
     Client/Matter No. 67466-0001                        May 2, 2026
                                                         Page 3

| DATE | INITIALS | Description | HOURS | AMOUNT |
|------|----------|-------------|-------|--------|
| 04/23/26 | JF | DRAFT AND SEND EMAIL MEMO TO D. BASS AND S. NEWMAN RE: RULE 37 PAYMENT ISSUES | 1.60 | 1,088.00 |
| 04/23/26 | SLN | REVIEW RESEARCH REGARDING RULE 37; CONTINUE DRAFTING REPLY ISO FEE MOTION, INCLUDING REVIEW OF BANK STATEMENTS AND SCHEDULES AND STATEMENTS; CORRESPONDENCE AND TELEPHONE CALL WITH P. KEANE REGARDING FEE MOTION HEARING; CORRESPONDENCE WITH D. BASS AND CLIENT REGARDING FEE MOTION HEARING; | 2.90 | 2,537.50 |
| 04/23/26 | DMB | WORK ON DMI REPLY ISO FEE MOTION | 0.60 | 750.00 |
| ██████ | ██████ | ████████████████████████████████ | ██ | ██ |
| ██████ | ██████ | ████████████████████████████████ | ██ | ██ |
| ██████ | ██████ | ████████████████████████████████ | ██ | ██ |
| 04/24/26 | SLN | TELEPHONE CALL WITH CLIENT REGARDING FEE MOTION, TRUSTEE OBJECTION, FEE MOTION HEARING, ████ ████████████████████ REVIEW COMMENTS FROM D. BASS AND REVISE REPLY ISO FEE MOTION; CORRESPONDENCE WITH CLIENT; ████████████████████ | 2.20 | 1,925.00 |
| ██████ | ██████ | ████████████████████████████████ | ██ | ██ |
| 04/24/26 | DMB | WORK ON DMI REPLY ISO FEE MOTION AND EMAILS WITH S. NEWMAN RE: SAME | 0.60 | 750.00 |
| 04/24/26 | DMB | MEETING WITH J. WELFER AND S. NEWMAN RE: ████ ████████ FEE MOTION ████████ | 0.90 | 1,125.00 |
| ██████ | ██████ | ████████████████████████████████ | ██ | ██ |
| 04/27/26 | SLN | CORRESPONDENCE WITH TRUSTEE REGARDING FEE MOTION HEARING; ████████████████ ████████████████████████████ ████████████████████ CORRESPONDENCE WITH CLIENT REGARDING ████████████████ FEE MOTION REPLY; REVIEW AGENDA FOR 4/29 HEARING; | 1.20 | 1,050.00 |
| ██████ | ██████ | ████████████████████████████████ | ██ | ██ |
| ██████ | ██████ | ████████████████████████████████ | ██ | ██ |

**COLE SCHOTZ P.C.**

Re:  BANKRUPTCY                                            Invoice Number  1034970
     Client/Matter No. 67466-0001                                     May 2, 2026
                                                                        Page 4

| DATE | INITIALS | Description | HOURS | AMOUNT |
|------|----------|-------------|-------|--------|
| 04/27/26 | PVR | EMAIL TO S. NEWMAN AND D. BASS, RETRIEVE AND REVIEW AGENDA CANCELING APRIL 29, 2026 HEARING AND UPDATE CASE CALENDAR RE: APRIL 29 AND MAY 27 HEARINGS | 0.20 | 85.00 |
| 04/27/26 | DMB | REVIEW/CONSIDER CLIENT COMMENTS TO FEE MOTION REPLY, EMAILS RE: SAME | 0.30 | 375.00 |
| 04/27/26 | DMB | EMAILS WITH TRUSTEE RE: ADJOURNMENT OF HEARING | 0.10 | 125.00 |

|  |  | TOTAL HOURS | 34.30 |
|--|--|-------------|-------|

PROFESSIONAL SERVICES:                                              $29,275.00

**COST SUMMARY**

| Description | AMOUNT |
|-------------|--------|
| COURT FEES | 156.10 |
| ONLINE RESEARCH | 272.74 |
| DATA HOST | 19.00 |

**TOTAL COSTS**                                                     **$447.84**

TOTAL SERVICES AND COSTS:                              $        29,722.84

# **Exhibit 2**

| Task | Date | Initials | Billed Hours | Billed Amount | Compensable Hours | Compensable Amount |
|---|---|---|---|---|---|---|
| Fee Motion | 4/5/2026 | SLN | 1.1 | $962.50 | 0.6 | $525.00 |
| Fee Motion | 4/6/2026 | SLN | 0.4 | $350.00 | 0.4 | $350.00 |
| Fee Motion | 4/6/2026 | DMB | 0.4 | $500.00 | 0.4 | $500.00 |
| Fee Motion | 4/7/2026 | SLN | 1.1 | $962.50 | 0.5 | $437.50 |
| Fee Motion | 4/7/2026 | DMB | 0.5 | $625.00 | 0.5 | $625.00 |
| Fee Motion | 4/7/2026 | PVR | 0.6 | $255.00 | 0.6 | $255.00 |
| Fee Motion | 4/8/2026 | PVR | 0.1 | $42.50 | 0.1 | $42.50 |
| Fee Motion | 4/8/2026 | PVR | 0.1 | $42.50 | 0.1 | $42.50 |
| Fee Motion | 4/8/2026 | PVR | 0.3 | $127.50 | 0.3 | $127.50 |
| Fee Motion | 4/8/2026 | PVR | 0.6 | $255.00 | 0.6 | $255.00 |
| Fee Motion | 4/9/2016 | PVR | 0.1 | $42.50 | 0.1 | $42.50 |
| Fee Motion | 4/21/2026 | PVR | 0.1 | $42.50 | 0.1 | $42.50 |
| Fee Motion | 4/22/2026 | JF | 1.9 | $1,292.00 | 1.9 | $1,292.00 |
| Fee Motion | 4/22/2026 | SLN | 3.8 | $3,325.00 | 3.8 | $3,325.00 |
| Fee Motion | 4/22/2026 | DMB | 0.6 | $750.00 | 0.6 | $750.00 |
| Fee Motion | 4/22/2026 | PVR | 0.3 | $127.50 | 0.3 | $127.50 |
| Fee Motion | 4/23/2026 | JF | 1.6 | $1,088.00 | 1.6 | $1,088.00 |
| Fee Motion | 4/23/2026 | SLN | 2.9 | $2,537.50 | 2.9 | $2,537.50 |
| Fee Motion | 4/23/2026 | DMB | 0.6 | $750.00 | 0.6 | $750.00 |
| Fee Motion | 4/24/2026 | SLN | 2.2 | $1,925.00 | 1.6 | $1,400.00 |
| Fee Motion | 4/24/2026 | DMB | 0.6 | $750.00 | 0.6 | $750.00 |
| Fee Motion | 4/24/2026 | DMB | 0.9 | $1,125.00 | 0.7 | $875.00 |
| Fee Motion | 4/27/2026 | SLN | 1.2 | $1,050.00 | 0.3 | $262.50 |
| Fee Motion | 4/27/2026 | PVR | 0.2 | $85.00 | 0.2 | $85.00 |
| Fee Motion | 4/27/2026 | DMB | 0.3 | $375.00 | 0.3 | $375.00 |
| Fee Motion | 4/27/2026 | DMB | 0.1 | $125.00 | 0.1 | $125.00 |
| | | TOTAL | 22.6 | $19,512.50 | 19.8 | $16,987.50 |

# Exhibit B

# FILED UNDER SEAL

# Exhibit C

# FILED UNDER SEAL

# Exhibit D

# FILED UNDER SEAL