**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket No. 417** |

**DYNAMIC MARKETING INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING MOTION OF BANK OF AMERICA, N.A. TO ENFORCE COURT-APPROVED SHARING AGREEMENT [DKT. NO. 65]**

Dynamic Marketing Inc. ("DMI") files this limited objection and reservation of rights (the "Response") in response to the *Motion of Bank of America, N.A. to Enforce Court-Approved Sharing Agreement [Dkt. No. 65]* [Docket No. 417] (the "Motion")[2] filed by Bank of America, N.A., in its capacity as Administrative Agent on behalf of the Secured Parties ("BOA").

DMI and the Chapter 7 Trustee are scheduled to attend mediation tomorrow, September 23, 2026. To the extent that the parties' disputes are consensually resolved through mediation, DMI will no longer need to take an active role in these bankruptcy cases. However, until a global resolution is reached, DMI must participate in these bankruptcy cases and respond to the relief sought in the Motion. While BOA agreed to extend the deadline for DMI to respond to the Motion until September 22, 2026, BOA would not agree to a further extension.[3] Accordingly, DMI has no choice but to file this Response to preserve its rights to object and be heard with respect to the

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] DMI also requested that BOA adjourn the hearing on the Motion given the forthcoming mediation.

Motion to the extent the mediation is unsuccessful, in which case DMI will supplement this Response prior to the hearing on the Motion.

Through the Motion, BOA seeks to enforce the Sharing Agreement between BOA and the Chapter 7 Trustee. DMI has several concerns with the Sharing Agreement, which have been shared with BOA and the Chapter 7 Trustee. For instance, pursuant to the Sharing Agreement, which was submitted under certification of counsel with no notice or opportunity for creditors to object, the Chapter 7 Trustee waived the right to surcharge the Secured Parties' collateral pursuant to section 506(c) of the Bankruptcy Code. A 506(c) waiver is inappropriate in this case given that the Chapter 7 Trustee has not paid any post-petition rent to DMI, which stored and preserved the value of the Secured Parties' collateral that was eventually sold for over $11 million. Assuming the Court is inclined to enforce the Sharing Agreement and 506(c) waiver, however, DMI intends to file a cross-motion to enforce the Sharing Agreement, including the Carve-Out in paragraph 12. As set forth therein, BOA agreed to subordinate its liens and claims to "(iv) [t]he actual and reasonable costs and expenses for the removal and storage of any Prepetition Collateral located in the warehouse facility located at 400 Cabot Drive, Hamilton, New Jersey 08690 in an amount not to exceed $100,000 (the "Removal Costs"), which Removal Costs will be paid from the proceeds of the sale of the Collateral; and (v) [t]o the extent deemed necessary and agreed upon by the Trustee and the Prepetition Lenders, the actual and reasonable costs and expenses for the removal and storage of any Prepetition Collateral located in the warehouse facility located at 1369 Lamberton Road, Hamilton, New Jersey." Despite the clear and unambiguous promise to pay the actual expenses for storage of Prepetition Collateral at the Cabot warehouse from the sale proceeds, the Chapter 7 Trustee has not paid DMI any post-petition rent for the Cabot warehouse. The Chapter 7 Trustee has likewise not paid any post-petition rent for the Lamberton warehouse, and

BOA stated in the Motion that "[u]ltimately, no amounts were deemed necessary under this section." *See* Motion at 4 n.4. The Court should enforce the plain language of the Sharing Agreement and require the Chapter 7 Trustee to use $100,000 of the sale proceeds to pay post-petition rent for the Cabot warehouse and to use additional funds in the Carve-Out to pay post-petition rent for the Lamberton warehouse in the amount of $903,842.47.

DMI reserves the right to supplement this Response in advance of the hearing on the Motion in the event the mediation is unsuccessful.

Dated: September 22, 2026

**COLE SCHOTZ P.C.**

*/s/ Stacy L. Newman*

Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: snewman@coleschotz.com

*Counsel to Dynamic Marketing Inc.*